## JOSSLYN *v.* PHILLIPS.[1]

*(Circuit Court, W. D. Michigan. March, 1886.)*

REMOVAL OF CAUSE—COSTS—ATTORNEY'S FEE ON REMAND—ACT OF 1875.

Where a case is remanded to the state court on the ground that the circuit court has no jurisdiction, the court may allow such attorney's fee as would ordinarily be allowed on the final disposition of the cause.

Motion to Allow Attorney's Fee.

*Geo. F. Edwards*, for plaintiff.

BROWN, J. This case was remanded to the circuit court for the county of Berrien upon motion of the plaintiff. He now moves for the allowance of a reasonable attorney's fee under the fifth section of the act of March 3, 1875. Prior to this act the rule had been never to allow costs where a case was dismissed for want of jurisdiction appearing upon the face of the record. It was considered that the court, having no jurisdiction of the case, could not even render a judgment for costs; but by the act of 1875 this rule is so far modified as to permit the court, in remanding a case, to "make such order as to costs as shall be just." The third section of the same act also requires a bond to be given for filing a transcript in the circuit court, and for "paying all costs that may be awarded by the said circuit court, if said court shall hold that the suit was wrongfully or improperly removed thereto." *Mansfield, etc., R. Co.* v. *Swan*, 111 U. S. 379, 386; S. C. 4 Sup. Ct. Rep. 510. This case, however, throws no light upon *what* costs the court is authorized to impose. The general fee-bill makes no provision for an attorney's fee upon motions, and it has not been our practice to allow one, unless it could be imposed as a condition of granting the motion; as, for instance, in the case of applications for continuance. But as the clerk's fee for filing the transcript is the only other item of cost likely to arise in a removed case before the motion to remand is made, and as this is always paid by the party procuring the removal from the state court, it seems to us that the statute must have intended to permit the court to impose a reasonable attorney's fee as a compensation to the party for his services in procuring the remand. In ordinary cases, these would be the only costs to which the language of the act would attach, as the motion to remand is usually made before any further proceedings are taken in the circuit court. We think it competent for the court to allow such a fee as is ordinarily awarded on the final disposition of a cause, viz., a docket fee of $20.

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.