## SMITH v. WESTERN UNION TEL. CO.

(Circuit Court, D. Indiana. May 8, 1897.)

### No. 9,286.

COSTS—ATTORNEY'S DOCKET FEE.

An attorney's docket fee will not be allowed upon an order to remand to a state court, either under Rev. St. § 824, authorizing such an allowance where there has been a "final hearing" in equity, nor under the act of March 3, 1875, permitting the court, in remanding a case, to "make such order as to costs as shall be just."

Motion to Retax Costs.

Linton A. Cox, for plaintiff.

Chambers, Pickens & Morris, for defendant.

BAKER, District Judge. Some time since, the motion of the plaintiff to remand the above-entitled cause to the state court was sustained, and now the attorneys for the plaintiff move the court to retax the costs in this cause by adding to the sum already taxed the item of $20 as a docket fee for the plaintiff's attorneys. They cite in support of their motion the case of Josslyn v. Phillips, 27 Fed. 481. The practice in this district, and, so far as the court is advised, in the entire Seventh circuit, has been uniformly to allow no docket fee where a motion to remand has been sustained. By section 824 of the Revised Statutes a docket fee of $20 is allowed when there has been a trial by a jury in a case at law, and when, in equity or admiralty, there has been a final hearing. I understand that the term "final hearing" means a trial or hearing of the cause upon its merits. An order to remand certainly would not come within any reasonable construction or interpretation of the words of section 824, and it seems to me that the construction given by Judge Brown to the words referred to by him in the act of March 3, 1875, is a broader one than the words contemplate. It is certain that the act of 1875 does not, in express terms, authorize the allowance of a docket fee; and, if one were allowed under the provisions of that act, it would have to be granted, in the nature of a discretionary allowance. In my judgment, the practice of the court so long continued ought not to be changed; and in this view Judge WOODS, of the circuit court, concurs.