PELLETT v. GREAT NORTHERN RY. CO. et al.

(Circuit Court, D. Washington, E. D. December 4, 1900.)

REMOVAL OF CAUSES—COSTS ON REMAND.

Under the judiciary act of March 3, 1875 (section 5), which provides that when a circuit court remands a case it "shall make such order as to costs as shall be just," such court has jurisdiction to award statutory costs in favor of a plaintiff, including the attorney's docket fee prescribed by Rev. St. § 824, although the cause was remanded for the reason that the court was without jurisdiction to entertain it.

Action at law against the Great Northern Railway Company and two of its servants, as defendants, to recover damages for having caused the death of the plaintiff's husband by negligence. After the case had been remanded to the state court in which it was commenced, the plaintiff filed a cost bill, and petitioned this court to render a judgment in her favor for costs, including the following items: Clerk's fees, $4; attorney's docket fee of $25; typewriting 24 folios pleadings, motions, etc., at 10 cents per folio, $2.40. Petition granted to the extent of allowing the statutory docket fee and clerk's fee.

Lewis & Lewis, for plaintiff.
Will H. Thompson and M. J. Gordon, for defendants.

HANFORD, District Judge. This case was remanded to the state court in which it was commenced, on motion of the plaintiff, for the reason that it is not a case of which this court has jurisdiction, and at first blush it would seem to be inconsistent for the plaintiff to invoke its jurisdiction by asking this court to render a judgment in her favor for costs. Ordinarily, a court which has not jurisdiction

to determine the rights of the parties as to the main controversy between them is simply bound to let them alone, and to refuse its process for the benefit of either. Inglee v. Coolidge, 2 Wheat. 363, 4 L. Ed. 261; McIver v. Wattles, 9 Wheat. 650, 6 L. Ed. 182; Strader v. Graham, 18 How. 602, 15 L. Ed. 464; Hornthal v. Collector, 9 Wall. 560, 19 L. Ed. 650; Pentlarge v. Kirby (C. C.) 20 Fed. 898. The decision in this case, however, must be made with reference to the fifth section of the act of congress of March 3, 1875 (1 Supp. Rev. St. [2d Ed.] 83, 84), which provides that when a United States circuit court remands a case it "must make such order as to costs as shall be just." In a decision by Judge Baker, concurred in by Judge Woods (Smith v. Telegraph Co. [C. C.] 81 Fed. 242), it was held that this statute does not confer authority to render a judgment for costs, including an attorney's docket fee, and the attention of the court appears to have been especially directed to an earlier decision, to the opposite effect, by Judge Brown, in the case of Josslyn v. Philips (C. C.) 27 Fed. 481. See, also, 18 Enc. Pl. & Prac. 381.

In view of the conflicting decisions above referred to, I have examined other authorities bearing upon the question, and have reached a conclusion in accord with Judge Brown's decision. The statute, in plain words and without any restriction whatever, requires the court, when a case is remanded, to make such order as to costs as shall be just. When a party brings an action into court, his adversary is subjected to inconvenience and expense, and has the right to have the professional services of an attorney to appear for him and defend his rights. Since the law requires the court, in the exercise of its discretion, to consider the justice of the case, when an attorney has appeared, and prevailed to the extent of securing an order relieving his client from all obligation to appear further, I can perceive no reason for refusing to allow such costs, including an attorney's fee, as by the laws of the United States may be taxed in other cases. In actual practice, the courts of highest authority have given effect to this statute by expressly commanding the circuit courts to remand nonremovable cases, and give judgments for costs against the parties held to be in fault for removing them. Torrence v. Shedd, 144 U. S. 527–538, 12 Sup. Ct. 726, 36 L. Ed. 528; Martin v. Snyder, 148 U. S. 663, 664, 13 Sup. Ct. 706, 37 L. Ed. 602; Mattingly v. Railroad Co., 158 U. S. 53–57, 15 Sup. Ct. 725, 39 L. Ed. 894; Craswell v. Belanger, 6 C. C. A. 1, 56 Fed. 529.

This being an action at law, and there having been no jury trial, and no depositions having been taken, the only costs which the plaintiff is entitled to recover are the statutory fees of the clerk for services performed at the instance of plaintiff, and a docket fee of $10, prescribed by section 824, Rev. St. U. S. Additional compensation for typewriting motions, pleadings, and notices is not allowed. The rules require each party to make a cash deposit on account of clerk's fees at the time of entering an appearance. The clerk will retain sufficient of the money advanced by the defendants to pay his fees for services performed at their instance, and it is not necessary to include such fees in the judgment. A judgment for costs will be entered in accordance with this opinion.