### RISER v. SOUTHERN RY. CO. et al.

(Circuit Court, D. South Carolina. June 20, 1902.)

1. COSTS—REMAND OF CAUSE AFTER REMOVAL—DOCKET FEE.

An order remanding a cause to a state court is in the nature of a final judgment, and for the purpose of the taxation of costs may properly be considered as a judgment rendered without a jury, within the meaning of Rev. St. § 824, and an allowance of a docket fee of $10 made thereunder to plaintiff's attorney.

On Appeal from Clerk's Taxation of Costs.

Johnstone & Welch and R. S. Whaley, for plaintiff.

T. P. Cothran and B. A. Hagood, for defendants.

SIMONTON, Circuit Judge. This is an appeal from a taxation of costs by the clerk. An action was brought against the defendant Southern Railway Company by Luther A. Riser, and there was joined as defendant with the Southern Railway Company Marion Rich, the conductor. The cause of action was for injuries to the plaintiff by reason of the negligence of the conductor in the management of the train of his codefendant, the railway company. The railway company filed a petition for removal to this court, on the ground of a separable controversy, and the cause being removed into this court was remanded after hearing. The sole question now made is what costs should be awarded the attorney of plaintiff. He claims a docket fee of $20. The third section of the act of congress of 1875 provides that the party seeking to remove enter into bond, as well for filing a transcript in the circuit court as for paying all costs that may be awarded by such circuit court if such court should hold that the suit was improperly and wrongfully removed thereto. Railroad Co. v. Swann, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462. In Josslyn v. Phillips (C. C.) 27 Fed. 481, the circuit court of the Western district of Michigan held that, under this provision of the act of 1875, the court remanding the cause could allow a docket fee of $20; the same docket fee awarded on the final disposition of a cause. On the other hand, in Smith v. Telegraph Co. (C. C.) 81 Fed. 242, the circuit court for Indiana refused a docket fee in any amount, alleging as a reason that the practice in the entire Seventh circuit had uniformly disallowed any docket fee in such a case, and the court, referring to the decision in the Michigan case, expresses a dissent from it.

So far as I am informed, no case has arisen in this circuit on this question. The question presented was a doubtful one, was elaborately argued on both sides, and some costs ought to be allowed. An order remanding the cause is not reviewable, and therefore is in the nature of a final judgment. I think it can very fairly be brought under the provisions of section 824, Rev. St. U. S., of a case at law when judgment is rendered without a jury.

Let an order be entered, allowing a docket fee of $10