ACKER et al. v. CHARLESTON & W. C. RY. CO.

(Circuit Court, D. South Carolina. September 12, 1911.)

REMOVAL OF CAUSES (§ 107*)—REMAND TO STATE COURT—DOCKET FEE.

On remand of a cause erroneously removed to a federal court, the Circuit Court clerk is entitled to tax a docket fee of $10, under Rev. St. § 824 (U. S. Comp. St. 1901, p. 632), authorizing the clerk to tax a docket fee of such amount in an action at law when judgment is rendered without a jury.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 234; Dec. Dig. § 107.*]

At Law. Action by J. P. Acker and others, as administrators of W. F. Acker, deceased, against the Charleston & Western Carolina Railway Company. On appeal from a taxation of costs by the clerk on remand of costs to the state court. Taxation approved.

Thurmond & Timmerman, for plaintiffs.

F. Barron Grier and W. C. Cothran, for defendant.

SMITH, District Judge. This matter comes up on an appeal from a taxation of costs by the clerk and by agreement of counsel is submitted on written arguments. An action at law was brought in the state court by the plaintiffs against the defendant for damages for injuries, resulting in death, inflicted upon W. F. Acker, deceased, by reason of the negligence of the defendant, the railway company, in the management of its trains. The railway company, defendant, filed a petition for removal of the cause to this court on the ground that it was a suit at law of a civil nature arising under the laws of the United States. The transcript having been filed, a motion was made to remand, and after full hearing the court ordered the cause remanded, with costs in favor of the plaintiffs. The clerk has taxed the costs, and included therein a docket fee of $10, allowed under the provisions of section 824, Revised Statutes of the United States (U. S. Comp. St. 1901, p. 632), for a case at law when judgment is rendered without a jury.

The exact question was decided by the late Judge Simonton, then one of the Circuit Judges for this district, sitting in this court in the case of Riser v. Southern Ry. Co. et al., 116 Fed. 1014. That decision settled the practice in this court at the time, and I see no reason for not holding it to control the present case. It is therefore adjudged that the docket fee of $10 allowed by the clerk in his taxation be approved.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes