### WESTERN UNION TELEGRAPH CO. v. LOUISVILLE & N. R. CO.
(five cases).

(District Court, E. D. Tennessee, N. D.    January 6, 1913.)

Nos. 1,658, 1,659, 1,661, 1,662, 1,664.

REMOVAL OF CAUSES (§ 120*)—REMAND—COSTS.

Under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1098) § 37 (U. S. Comp. St. Supp. 1911, p. 146), which provides that on remanding a cause the court "shall make such order as to costs as shall be just" the court may properly allow a docket fee of $10 for plaintiff's attorney.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 253; Dec. Dig. § 120.*]

In Equity. Five suits by the Western Union Telegraph Company against the Louisville & Nashville Railroad Company. On defendant's motion to retax costs. Motion denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Shields, Cates & Mountcastle, of Knoxville, Tenn., for plaintiff.

J. B. Wright and J. G. Johnson, both of Knoxville, Tenn., for defendant.

SANFORD, District Judge. These cases having been remanded to the State Court for want of jurisdiction and the costs awarded against the defendant, the clerk has taxed as part of the costs ten dollars docket fee in each case, and the defendant moves to retax the costs so as to disallow these items.

It was held by Judge Baker, Circuit Judge Woods concurring, in Smith v. Telegraph Co. (C. C.) 81 Fed. 242, that twenty dollars docket fee for plaintiff's attorneys could not be taxed under R. S. § 824 (U. S. Comp. St. 1901, p. 632). I agree with this view. However, R. S. § 823 (U. S. Comp. St. 1901, p. 632), impliedly provides that other compensation may be taxed and allowed attorneys "in cases otherwise expressly provided by law." And section 5 of the Act of March 3, 1875 (18 Stat. 472, c. 137 [U. S. Comp. St. 1901, p. 511]), brought forward into section 37 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1098 [U. S. Comp. St. Supp. 1911, p. 146]), provides that a Federal Court on remanding a suit to the State Court "shall make such order as to costs as shall be just."

In Josslyn v. Phillips (C. C.) 27 Fed. 481, it was held by Brown, District Judge (afterwards Mr. Justice Brown) that under this provision of the Act of 1875 the Federal Court on remanding a case for want of jurisdiction could allow the fee ordinarily awarded on the final disposition of the cause, namely, a docket fee of twenty dollars.

And in Pellett v. Great Northern Ry. Co. (C. C.) 105 Fed. 194, and Riser v. Southern Ry. Co. (C. C.) 116 Fed. 1014, it was held, after reviewing the conflicting decisions in the Smith and Josslyn cases, that under the provisions of the Act of 1875 the Federal Court might, and should, on remanding a case for want of jurisdiction, allow a docket fee of ten dollars, by analogy to the fee allowed under R. S. § 824, in cases at law when judgment is rendered without a jury. And it is to be noted that in the Smith case, while this was not done, the authority of the court to allow an attorney's fee was impliedly recognized, but the allowance not made chiefly because of the fact, as appears from the opinion, that the prevailing practice in the Seventh Circuit had been the other way. So far as I am advised no uniform practice has been established in this respect in this District or Circuit. However, after careful consideration of all the foregoing cases, I conclude that the sounder view is that expressed in the opinions in the Pellett and Riser cases, and that the docket fee of ten dollars should accordingly be allowed.

An order will accordingly be entered in each of these cases overruling the defendant's motion to retax the costs.