### BOWENS v. CHICAGO, M. & ST. P. RY. CO.

#### (District Court, W. D. Washington, N. D. June 29, 1914.)

#### No. 2716.

COURTS (§ 357*)—COSTS—REMAND OF CAUSE TO STATE COURT—DOCKET FEE.
   Under Judicial Code, § 37 (Act March 3, 1911, c. 231, 36 Stat. 1098 [U. S. Comp. St. Supp. 1911, p. 146]), providing that a federal court, on remanding a suit to the state court, shall make such order as to costs as shall be just, plaintiff, on such remand, is only entitled to tax a docket or attorney's fee of $10; Rev. St. § 824 (U. S. Comp. St. 1901, p. 632), providing for the taxation of a docket fee of $20, being inapplicable.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. § 357.*]

At Law. Action by W. A. Bowens against the Chicago, Milwaukee & St. Paul Railway Company. On objection to cost bill. Sustained.

Griffin & Palmer, of Seattle, Wash., for plaintiff.
George W. Korte, of Seattle, Wash., for defendant.

NETERER, District Judge. This cause was commenced in the state court, and removed to this court on petition of the defendant, and remanded to the state court on motion of the plaintiff. The plaintiff filed a cost bill, taxing $20 attorney's fees against the defendant. The defendant has filed an objection to the taxing of $20 attorney's fees, and states that a reasonable fee is the sum of $10.

The attorney's fee to be taxed in a case of this kind is provided by section 5 of the Act of March 3, 1875 (18 Stat. 472, c. 137), and the

amendments thereto, brought forward into section 37 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1098 [U. S. Comp. St. Supp. 1911, p. 146]), which provides that a federal court on remanding a suit to the state court, "shall make such order as to costs as shall be just." It has been repeatedly held that $20 docket fee provided by Revised Statutes, § 824 (U. S. Comp. St. 1901, p. 632), does not apply. Western Union Telegraph Co. v. Louisville & Northern Ry. Co. (D. C.) 208 Fed. 581.

The controlling cases, I think, on this issue, must be Pellett v. Great Nor. Ry. Co. (C. C.) 105 Fed. 194, and Riser v. So. Ry. Co. (C. C.) 116 Fed. 1014. In these cases it was held that the federal court might and should, on remanding a case for want of jurisdiction, allow a docket fee of $10, by analogy to the fee allowed by Revised Statutes, § 824, in cases at law where judgment is rendered without a jury. I think this is a reasonable deduction, and should be adopted by this court.

The objection to the cost bill is sustained, and the clerk directed to tax an attorney's fee of $10.