## WALSH'S ADM'X v. JOPLIN & P. RY. CO.

### THEOLETE v. SAME.

#### (District Court, D. Kansas, Third Division, at Ft. Scott.)

REMOVAL OF CAUSES ☞107—COSTS ON REMAND TO STATE COURT—ATTORNEY'S FEES—"FINAL JUDGMENT."

Under Judicial Code (Act March 3, 1911, c. 231) § 37, 36 Stat. 1098 (Comp. St. 1913, § 1019), providing that if, in any suit removed from a state court, it shall appear that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the United States District Court, that court shall remand it to the court from which it was removed and make such order as to costs as shall be just, and Rev. St. § 824 (Comp. St. 1913, § 1378), providing, relative to the compensation to be taxed and allowed to attorneys, etc., that on a trial before a jury, or on a final hearing in equity or admiralty, a docket fee of $20, and in cases at law, when judgment is rendered without a jury, $10, shall be allowed, an attorney's docket fee of $10 is an appropriate allowance to be taxed as costs on remand of a case to the state court, as the discretion given the court by section 37, if not absolutely limited by section 824, should at least adapt itself so far as practicable to the spirit of the provisions of that section, and an order remanding a cause, not being reviewable, is in the nature of a "final judgment."

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. ☞107.

For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

At Law. Actions by Walsh's administratrix and by one Theolete against the Joplin & Pittsburg Railway Company. On motion to retax costs after a remand to the state court. Motion granted.

Wm. P. Dillard, of Ft. Scott, Kan., for plaintiffs.
Edward C. Wright, of Kansas City, Mo., for defendant.

VAN VALKENBURGH, District Judge. These cases were commenced in the district court of Crawford county, Kan. The defendant brought them to this court upon petition for removal. Upon appropriate motions they were remanded to the state court at defendant's costs, but no order was made at the time with reference to the amount of such costs, or with reference to attorney's docket fee. Plaintiffs have filed motions to retax the costs, contending that an attorney's fee should be taxed against the removing defendant in each case. It is particularly desired that a rule should be made establishing the practice in this regard for this district.

Section 37 of the Judicial Code makes the following provision:

"If in any suit * * * removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court, at any time after such suit has been * * * removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, * * * the said District Court. shall * * * remand it to the court from which it was removed, * * * and shall make such order as to costs as shall be just."

Under the heading "Fees of Attorneys, Solicitors and Proctors," section 824 of the Revised Statutes (Comp. St. 1913, § 1378) provides what attorney's docket fees may be taxed as costs. The paragraphs here applicable are the following:

"On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars: Provided, that in cases of admiralty and maritime jurisdiction, where the libelant recovers less than fifty dollars, the docket fee of his proctor shall be but ten dollars."

"In cases at law, when judgment is rendered without a jury, ten dollars."

It would seem that the discretion lodged in the court by section 37 of the Judicial Code, if not absolutely limited by the provisions of section 824, should at least adapt itself, so far as practicable, to the spirit of those provisions. Five cases in which this matter has been up for consideration have been called to the attention of the court. They disclose some contrariety of opinion; but to my mind little difficulty should be experienced in arriving at a rule both just and equitable, and well within the power of the court expressly conferred by statute.

In Smith v. Western Union Telegraph Co. (C. C.) 81 Fed. 242, Judge Baker refused to allow a docket fee, in any amount, upon the ground that such action accorded with the practice in the entire Seventh circuit, and that a practice of the court so long continued ought not to be changed. In all the other cases cited a fee was allowed.

In Josslyn v. Phillips (C. C.) 27 Fed. 481, Judge (afterwards Justice) Brown thought it competent for the court to allow such a fee as is ordinarily awarded on the final disposition of the cause, viz., a docket fee of $20.

In Pellett v. Great Northern Railway Co. et al. (C. C.) 105 Fed. 194, Judge Hanford allowed a fee of $10 upon the following stated ground:

"This being an action at law, and there having been no jury trial, and no depositions having been taken, the only costs which the plaintiff is entitled to recover are the statutory fees of the clerk for services performed at the instance of plaintiff and a docket fee of $10 prescribed by section 824, Rev. St. U. S."

In Riser v. Southern Railway Co. et al. (C. C.) 116 Fed. 1014, Simonton, Circuit Judge, reaches the same conclusion as Judge Hanford upon practically the same reasoning.

In Acker et al. v. Charleston & W. C. Ry. Co. (C. C.) 190 Fed. 288, the rule announced by Judge Simonton was reaffirmed.

It seems clear that by section 37, above quoted, this court has discretion to make such order as shall be just as to costs, which may include an attorney's docket fee. An order remanding a cause is not reviewable, and therefore is in the nature of a final judgment. Rendered without the intervention of a jury, it falls logically within the second paragraph of section 824, supra. An attorney's docket fee of $10 is therefore the appropriate allowance.

It is unnecessary to review the reasoning of the cases cited in which such fees have been allowed as costs. That reasoning is approved, and nothing can be gained by further elaboration. Obviously the rule

involves no discrimination against the removing party. The state court had jurisdiction of the cause. A plaintiff has the undoubted right to bring his action in the forum of his choice, subject to the right of removal where the statutory grounds exist. If the removal is improvidently sought, the removing party should, to this extent, compensate his adversary for the inconvenience and expense to which the latter has been subjected without legal warrant.

It results that the clerk is ordered to retax the costs in each of the above-named cases, by including an attorney's docket fee of $10, in accordance with this opinion.

I am authorized to state that Judge POLLOCK concurs in the views herein expressed.