### JONES v. DELTA LAND & WATER CO. et al.

(District Court, D. Nevada. November 11, 1918.)

Nos. 2220–2222, 2233, 2235, 2244.

1. REMOVAL OF CAUSES ⬰107(11)—FEES—"JUDGMENT RENDERED WITHOUT JURY."

An order remanding a cause to a state court is a final disposition thereof in the federal court, and is a "judgment rendered without a jury," within the meaning of Rev. St. § 824 (Comp. St. § 1378), for which a docket fee of $10 may be allowed.

2. REMOVAL OF CAUSES ⬰107(11)—COSTS—CASES TRIED TOGETHER.

Where motions to remand to the state court were made in 13 different actions, in each of which the plaintiffs were put to expense and inconvenience, plaintiff in each case, under Judicial Code, § 37 (Comp. St. § 1019), was entitled to his costs on granting of the motions, although there was but one argument, covering all the cases.

3. REMOVAL OF CAUSES ⬰107(11)—COSTS—CASES TRIED TOGETHER.

Where there were 13 cases, in each of which plaintiffs were represented by an attorney on motions to remand the cases to the state court, a docket fee of $10 in each case, allowable under Rev. St. § 824 (Comp. St. § 1378), was neither unreasonable nor unjust.

At Law. Action by W. H. Jones, by M. K. Taylor, C. C. Taylor, and Inez Seufert, by Joseph X. Claverie, by Robert Bruce Smith, by Allen Kennedy, and by Wayne E. Smith, respectively, against the Delta

⬰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Land & Water Company, H. B. Prout, and A. M. McPherson. Orders were entered in each case to remand on motions by plaintiffs, and the defendants appeal from taxation of costs by the clerk. Decision of clerk sustained.

Evans, Evans & Folland, Dey, Hoppaugh & Fabian, and Walton & Walton, all of Salt Lake City, Utah, for plaintiffs.

Story & Steigmeyer and Wm. Story, Jr., all of Salt Lake City, Utah, for defendant Delta Land & Water Co.

FARRINGTON, District Judge. Thirteen different cases were commenced by as many different plaintiffs in the district court of the Fifth judicial district, Millard county, Utah, against the Delta Land & Water Company. All were removed to this court on the ground of diversity of citizenship. The plaintiffs were all residents and citizens of California, while the defendant is a Nevada corporation. Motions to remand were made in 7 cases, argued August 5, 1918, and allowed August 31, 1918. By stipulation of counsel, motions to remand in the remaining 6 cases were submitted without argument October 23, 1918, and in each an order to remand was entered, with costs. The matter is now before the court on appeal from the taxation by the clerk of a docket fee of $10 in each of the 6 cases.

[1-3] By section 824, Rev. St. U. S. (Comp. St. § 1378), a docket fee of $20 is allowed in each case when a trial is had before a jury in a civil or criminal case; but in cases at law, when judgment is rendered without a jury, the docket fee is $10. The allowance of such a fee has been approved in the following cases: Pellett v. Great Northern Ry. Co. (C. C.) 105 Fed. 194; Riser v. So. Ry. Co. (C. C.) 116 Fed. 1014; Acker v. Charleston & W. C. Ry. Co. (C. C.) 190 Fed. 288; Walsh's Adm'x v. Joplin & P. Ry. Co. (D. C.) 219 Fed. 345.

It is considered that an order remanding a cause is a final disposition thereof in a federal court, therefore in the nature of a final judgment; and hence, within the meaning of the above-quoted statute, it may be regarded as a judgment rendered without a jury. True, there has been but one argument covering all 13 cases; but there were 13 different plaintiffs, each of whom was put to expense and inconvenience, and each, under section 37 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1098 [Comp. St. § 1019]), is entitled to his costs. It is provided in that section that on remanding the cause the court shall make such order as to costs as shall be just. Here each plaintiff was represented by an attorney, who prepared and presented a motion to remand, and arranged to submit each motion to the court, and must attend to the re-entry of the cause in the state court. I am satisfied that the docket fee of $10 for such service is neither unreasonable nor unjust.

A similar question was disposed of in Goodyear D. V. Co. v. Osgood, Fed. Cas. No. 5,594. That cause was heard by the court under a stipulation embracing a large number of cases, and providing that the decree in one was to stand as the decree in all. An objection was made to a docket fee taxed in one of the cases, which was to abide the

result in the pivotal case. The court overruled the objection, and allowed the docket fee.

The decision of the clerk allowing a $10 docket fee in each case will be sustained.