**KRAMER v. JARVIS.**

**Civ. No. 54–48.**

United States District Court
D. Nebraska, Lincoln Division.

Sept. 26, 1949.

744

Ladd J. Hubka (Hubka & Hubka), of Beatrice, Neb., for the plaintiff.

Fred Vette (Jack, Vette & Elliott), of Beatrice, Neb., for the defendant.

DELEHANT, District Judge.

The defendant moves for the retaxation of costs by the elimination from the costs taxed by the clerk of the item of $20 as an attorney's docket fee. After the remanding on December 21, 1948, of the action to the state court on the ground that it was not brought here in a valid or proper manner, Kramer v. Jarvis, D.C.Neb., 81 F. Supp. 360, the clerk, on her own motion, taxed the docket fee in the course of her general taxation of costs. The motion followed. It is well taken and should be and is being sustained. However, let it be understood at the outset that the order is made with narrow application only to this case, and is prompted by the state of the law as it existed from September 1, 1948, to May 24, 1929, which period included the date of the order remanding this case (vide infra.)

Except where it is otherwise provided by statute or rule, attorney's fees are not taxable as costs in actions at law pending in federal district courts. Oelrichs v. Spain, 15 Wall 211, 82 U.S. 211, 21 L.Ed 43; Storley v. Armour & Co., 8 Cir., 107 F.2d 499; Gray v. Havemeyer, 8 Cir., 53 F. 174; Central Trust Co. v. Wabash, St. Louis & Pacific Ry. Co., C.C.Mo., 32 F. 684; Warner v. Florida Bank & Trust Co., 5 Cir., 160 F.2d 766; Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460. Henkel v. Chicago, St. P., M. & O. R. Co., 284 U.S. 444, 52 S. Ct. 223, 76 L.Ed. 386, dealt with the taxation not of attorney's fees, but of enlarged fees to expert witnesses, in an action at law. However, it is instructive upon the restriction to the statutory items and amounts of the allowable and taxable costs in such a case. No rule of court is involved on this occasion, and the question is whether any statute in effect on December 21, 1948, required or justified the clerk's taxation of the attorney's docket fee. The authority for its taxation must be found in such statute, or, in default thereof, denied.

Title 28 U.S.C.A. § 1920, provides that: "A judge or clerk of any court of the United States may tax as costs the following: * * * (5) Docket fees under section 1923 of this title."

Section 1923 thus referred to, so far as it is material, follows:

"(a) Attorney's * * * docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing in civil * * * cases."

■ Much of the section deals with docket fees in admiralty or criminal cases and is, therefore, omitted as irrelevant to the present inquiry. Obviously irrelevant, too, are provisions for distinct five dollar docket fees "on discontinuance of a civil action" and "on motion for judgment and other proceedings on recognizances." The case does not concern a recognizance. And the manner of its elimination from the docket of this court is quite unrelated to a discontinuance. It came here improperly and was simply returned to the court of its origin, where it either has been or eventually will be reduced to judgment or discontinued upon some appropriate basis. Discontinuance has the connotation either of dismissal or of non-suit, generally voluntary, with or without prejudice to the institution of a new action. Temple v. Cotton Transfer Co., 126 Neb. 287, 253 N. W. 349; Alexander v. Haffner, 323 Mo. 1197, 20 S.W.2d 896; English v. Dickey, 128 Ind. 174, 27 N.E. 495, 13 L.R.A. 40; Town of West Hartford v. Willetts, 125 Conn. 266, 5 A.2d 13. It may not be said with accuracy that an action remaining under vigorous prosecution has been discontinued by the mere circumstance of its return to the state court by a federal district court to which it was removed improperly.

■ Reverting to the quoted language of section 1923 of Title 28 U.S.C.A., this court is unable at this time to perceive how it may rationally be thought to include the examination by this court of its jurisdiction and, upon an adverse conclusion, the entry of a remanding order. Such consideration, with its final ruling, is not a "trial or final hearing" in the case. "Trial" and "final hearing," in the present context, are alike and equally predicable of the process by which a civil case is submitted either to a jury or to the court without a jury for determination on its merits. Home Life Insurance Co. v. Dunn, 19 Wall 214, 86 U.S. 214, 22 L.Ed. 68; Miller v. Tobin, C.C.Or.,

18 F. 609; Fisk v. Henarie, C.C.Or., 32 F. 417; Whelan v. New York, L. E. & W. R. Co., C.C.Ohio, 35 F. 849, 1 L.R.A. 65; Crane v. Reeder, 28 Mich. 527, 15 Am.Rep. 223; Haynes v. Smith, 29 Okl. 703, 119 P. 246. That conclusion is the more obvious if one recalls the earlier Title 28 section 572, from which the quoted portion of the present section 1923 was derived with considered modification and simplification. In that earlier form, omitting irrelevant language, the section was as follows: "On a trial before a jury, in civil * * * causes * * * or on a final hearing in equity * * *, a docket fee of $20 * * *. In cases at law, when judgment is rendered without a jury, $10." In the current revision the $10 fee on the entry without a jury of a judgment in a case at law is eliminated, and the distinction in designation in the earlier language between actions at law and those in equity is eliminated in recognition of the abolition otherwise of such distinction. Eg. Rule 2, Federal Rules of Civil Procedure, 28 U.S.C.A. The important constructional consideration is that the quoted portions of both the present section 1923 and the repealed section 572 have to do entirely with the final submission and determination of cases on their merits, and that under the current statute the docket fee taxable in consequence of that event, whether it is accomplished with or without a jury, or in a case formerly at law or in equity, is $20. But remanding an action whose removal has been improvidently attempted is not a determination of its merits on final submission.

It is not surprising that the reported opinions having any bearing upon the question are comparatively few and not of recent deliverance. Nor are they consistent or clearly and precisely decisive, regard being had to the revision of the judicial code effective September 1, 1948, and at the date of the remanding order.

In Josslyn v. Phillips, C.C.Mich.1886, 27 F. 481, it was held that on remand a docket fee should be taxed in the sum of $20, being "such a fee as is ordinarily awarded on the final disposition of a cause"; but that ruling was placed expressly on the *duty* of the court under the Act of March 3, 1875

(formerly Title 28 U.S.C.A. § 80), on remanding an action to the state court, to "make such order as to costs as shall be just." The writer of the opinion (District Judge, later Mr. Justice, Henry B. Brown) seems to have thought that by the clause last quoted "the statute must have intended to permit the court to impose a reasonable attorney's fee as a compensation to the party for his services in procuring the remand." And he conceded, also, that before the passage of the Act of March 3, 1875, the practice in his district had not supported the taxation of a docket fee in cases of dismissal for want of·jurisdiction, to which, in the aspect under examination, remanding orders have some logical similarity.

In Smith v. Western Union Telegraph Co., C.C.Ind.1897, 81 F. 242 (a circuit judge concurring with the district judge announcing the ruling) the taxation of a docket fee on the remaining of a case was denied. There the court held that (a) the statutory authority for taxing a docket fee had reference to a "final hearing," which did not include action on a motion to remand; and (b) the judicial duty in a remanding order to "make such order as to costs as shall be just", was not broad enough to warrant the taxation of an attorney's docket fee. The opinion expressly rejected the reasoning of Josslyn v. Phillips, supra.

Several cases have followed, with some variations, the opinion in Josslyn v. Phillips, supra. Pellett v. Great Northern R. Co., C.C.Wash.1900; an action at law, 105 F. 194, held that, although the provision for a $20 docket fee upon trial with a jury was inapplicable, the provision for "such order as to costs as shall be just" warranted the taxation of some amount as an attorney's docket fee, and taxed $10 as upon a judgment in an action at law without a jury. The conclusion of the Pellett case was also reached in Riser v. Southern Railway Co., C.C.S.C.1902, 116 F. 1014; Acker v. Charleston & W. C. R. Co., C.C.S.C.1911, 190 F. 288; Bowens v. Chicago, Milwaukee & St. Paul R. Co., D.C.Wash.1914, 215 F. 287; and Western Union Telegraph Co. v. Louisville & Nashville R. Co., D.C.Tenn.

1913, 208 F. 581. The opinion rendered in the case just cited was delivered by District Judge, later Mr. Justice, Sanford. In Walsh's Adm'x v. Joplin & P. R. Co., D.C.Kan.1915, 219 F. 345, and Jones v. Delta Land & Water Co., D.C.Nev.1918, 258 F. 761, a like result was reached, but with more precise emphasis on two grounds of decision: first, that no attorney's docket fee was taxable under the provisions of the then operative statute dealing with "a trial before a jury, in civil * * * causes * * * or on a final hearing in equity"; and, secondly, that, in the course of making "such order as to costs as shall be just" on the remanding of an action, the court should treat the remanding order as a final disposition of the action in the federal court, and, therefore, as a "judgment is rendered without a jury," and, under the statute effective at the time, tax a docket fee of $10.

It will not have escaped attention that all of the reported cases supporting the taxation of a docket fee rest heavily upon the explicit inclusion in the former Title 28 section 80 of the words "and *shall* make such order as to costs as shall be just." (Emphasis added.) The opinions proceed upon the assumption, not exhaustively or adequately reasoned in any of them, that those words are not merely a warrant for the taxation to one or more of the litigants of the otherwise taxable costs, but also a mandate for the taxation of "such * * * costs as shall be just", including something in the way of an attorney's docket fee. The writer hereof encounters some difficulty in reaching that conclusion, and, while recognizing the weight of pre-1948 authority to the contrary, acknowledges his sympathy in principle with the view expressed but not thoroughly discussed in Smith v. Western Union Telegraph Co., supra.

However, in the revision of the judicial code, effective September 1, 1948, which was operative on December 21, 1948, the earlier Title 28 U.S.C.A. § 80, was quite radically altered and, in its form as modified up to December 21, 1948, appeared as Title U.S.C.A. § 1447(e). The subject of "Removal of Cases" was one in which

substantial procedural changes were made by the revision of 1948, and still further changes have been made since the date which is critical in the present ruling. (Vide infra.) The modifications in the statutory provisions dealing with judicial action in the event of improper removal may best be appraised by examining the language of the pertinent former section 80, and of its successive revisions.

The earlier statute (section 80) follows:

"If in any suit, commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, *and shall make such order as to costs as shall be just."* (Emphasis added.)

The amended section 1447(e) as it was in force on December 21, 1948, follows:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

Obviously, the italicized (supra) language of the former section 80 was omitted from, and constituted no part of, the amended section 1447(e). And it may well be considered that its omission is somewhat emphasized by the concurrent inclusion of similar but not identical terms in section 1919 of the present Title 28, wherein is included the provision touching costs on dismissal for want of jurisdiction (see present Title 28 U.S.C.A. § 1359 in relation thereto) of actions brought in district courts.

Accordingly, on the date of the remanding order and at the time of the clerk's taxation of costs, the statute dealing with judicial action ordering the return of a case to a state court contained no legislative mandate to the effect that on such occasion the court *"shall* make such order as to costs as shall be just." Unquestionably, the court then had the general authority to tax to the defendant the costs necessarily arising out of the improper removal. And it exercised that authority. But it was under no legislative compulsion to magnify those costs by the imposition of burdens not provided by any appropriate statute prescribing the costs to be taxed, and was absolved from any duty to follow the weight of authority discovered in the cited cases which rest so heavily upon the construction of the language touching costs which was omitted from section 1447(e). And, since, in the writer's opinion, the court's consideration of its doubtful jurisdiction with the resulting order remanding the case was not a "trial or final hearing" of the action, it follows that the foundation for a $20 docket fee was not present. Hence, the ruling already announced.

The sharp restriction of this ruling to the present case is obviously imperative, because the cited portion of Title 28 U.S. C.A. § 1447, was further revised by the Act of May 24, 1949, Laws of 81st Congress, Chapter 139, Public Law 72. The section was then generally overhauled and certain of its subsections were eliminated, with the result that the material of section 1447(e) now appears in section 1447(c), which follows:

"If at any time before final judgment it appears the case was removed improvidently and without jurisdiction, the district court shall remand the case, *and may order the payment of just costs.* A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case." (Amendatory material italicized.)

In the amendment of May 24, 1949, subsection (c) is followed by subsection (d), which brings into section 1447 the provision of the pre-1948 Title 28 U.S.C.A. § 71, forbidding review by an appellate court of a remanding order, which had not been included anywhere in the 1948 revision.

The amendments in section 1447 were effected by section 84 of the Act. And of it, the report of the Committee on Judiciary of the House of Representatives on the Bill out of which the Act arose, made the following statement, U. S. Code Congressional Service, 1949, p. 644:

"This section strikes out subsections (c) and (d) of section 1447 of Title 28, U.S.C., as covered by the Federal Rules of Civil Procedure, and adds a new subsection to such section 1447 to remove any doubt that the former law as to the finality of an order of remand to a State court is continued. This section also amends renumbered subsection (c) to remove any doubt that the former law authorizing the district court upon remand to order payment of costs is continued."

The corrective character of both items of amendatory material is immediately apparent, and is repeatedly emphasized in the legislative history of Public Law 72. Nevertheless, the writer of this memorandum considers that the validity of the burden imposed upon the defendant by the clerk's taxation of costs must be measured by the language of the pertinent statute as it then existed. That language was presumptively deliberate, not inadvertent. It might never have been altered; and in fact never was altered by the Congress which formulated it. The court is, therefore, disposed, in default of provision to the contrary, to treat the quoted amendment of May 24, 1949, as operative only from and after that date. That disposition is fortified by the explicit Congressional prescription of September 1, 1948, as the effective date of certain other sections of the Act.

It would be inappropriate to express or intimate any opinion upon the taxability of the attorney's docket fee incident to a remanding order entered hereafter or subsequent to May 24, 1949. No such question is before the court. But it will inevitably and frequently arise. When it does, the court will examine and rule upon it. In that study the reported opinions upon the point herein cited will be considered in their apparently identical statutory setting. And in association with them, study will also be made of the amendments of the pertinent statutes, especially those now reflected in Title 28 U.S.C.A. §§ 1447(c) and 1923; for those sections of the statute are no longer precisely identical with their predecessors which prompted the earlier opinions, supra.