Stamatios **KARSOULES**, Adamantios Vlahakes and Nicolaos Vlahakes, Libellants-Petitioners,

v.

Stamatios **MOSCHOS**, a non-resident, as Master, George Karfoparpeiis, a non-resident, as Master, and Eustathiou & Co., a foreign corporation or association, and Phocean Ship Agency, Ltd., a foreign corporation or association, as Owners and/or Operators of the Greek S. S. MICHALAKIS, Respondents.

Nos. 333, 342.

United States District Court,
E. D. Virginia, Newport News Division.

Oct. 21, 1954.

Morewitz & Morewitz, Newport News, Va., for petitioners.

Vandeventer, Black & Meredith, Norfolk, Va., for respondents.

HOFFMAN, District Judge.

Counsel having advised the Court that the sole remaining question for determination in these consolidated actions is the matter of taxation of costs pursuant to Sections 1920 and 1923, Title 28, United States Code, and it being of sufficient importance for the guidance of the Clerk in future cases, this opinion is accordingly filed.

The precise question involved is the propriety of taxing docket fees as prescribed in Section 1923 in actions originally instituted in a State Court, thereafter removed to the United States District Court, and subsequently remanded to the State Court for want of jurisdiction.

No decisions from the Fourth Circuit have been directed to the attention of this Court. There is, apparently, a rather hopeless conflict of authority relative to the discretion exercised by District Courts as to the taxation of docket fees in remand cases. Section 1447, Title 28, United States Code, specifying the procedure to be followed after removal to the District Court, provides in part as follows:

"(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and *may* order the payment of just costs.
\* \* \*

"(d) An order remanding a case to the State Court from which it was removed is not reviewable on appeal or otherwise."

Section 1923, Title 28, United States Code, makes provision for attorney's and proctor's docket fees as set forth therein under certain circumstances, the pertinent portion of which reads:

"(a) Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:

"$20 on trial or *final hearing* in civil, criminal or admiralty cases, except that in cases of admiralty and maritime jurisdiction where the libellant recovers less than $50 the proctor's docket fee shall be $10;
\* \* \*."

That the taxation of costs pertaining to docket fees is purely discretionary is apparent from the authorities cited subsequent to the 1948 revision of the statute. United States v. Erie R. Co., 6 Cir., 200 F.2d 411; United States v. Bowden, 10 Cir., 182 F.2d 251. In the last cited case the Court remanded the case to the trial court to determine, in the exercise of its discretion, whether an attorney's docket fee should be taxed as costs. Reference was made to Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C., as follows:

"Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed *as of course* to the prevailing party *unless the court otherwise directs*".

In Algonquin Gas Transmission Co. v. Gregory, 105 F.Supp. 64, the District Court in Connecticut, in the exercise of its discretion, refused to tax docket fees as a part of the costs in a condemnation proceeding improvidently removed from

the State Court. The reason assigned was that the removal was not made in bad faith but rather through excusable misapprehension as to the law.

The case of Kramer v. Jarvis, D.C., 86 F.Supp. 743, deals squarely with the point involved, but was decided in accordance with remand action occurring prior to May 24, 1949, the effective date of the amendment to 28 U.S.C.A. § 1447. The final paragraph of the opinion in the Kramer case aptly points to action of courts taxing costs in remand cases subsequent to May 24, 1949.

Authorities referring to the question herein and applicable prior to 1949 are as follows: Riser v. Southern Ry. Co., C.C., 116 F. 1014 (Docket fee allowed in remand case); Walsh's Adm'x v. Joplin & P. Ry. Co., D.C., 219 F. 345 (Docket fee allowed in remand case); Jones v. Delta Land & Water Co., D.C., 258 F. 761 (Docket fee allowed in 13 consolidated actions where only one argument was heard); Pellett v. Great Northern Ry. Co., C.C., 105 F. 194 (Docket fee allowed); Western Union Tel. Co. v. Louisville & N. R. Co., D.C., 208 F. 581 (Docket fees allowed in five consolidated cases); Bowens v. Chicago, M. & St. P. Ry. Co., D.C., 215 F. 287 (Docket fee allowed); Smith v. Western Union Tel. Co., C.C., 81 F. 242 (Docket fee disallowed on ground that order of remand did not constitute a "final hearing"); Josslyn v. Phillips, C.C., 27 F. 481 (Docket fee allowed); Acker v. Charleston & W. C. Ry. Co., C.C., 190 F. 288 (Docket fee allowed); Mansfield, C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (Costs allowed in remand case, but not specifically dealing with docket fee).

■ It is clear from the weight of authority as set forth in the foregoing cases that an order of remand constitutes a "final hearing" under Section 1923. In the light of the provisions of Section 1447(c) stating that such an order is not reviewable on appeal or otherwise, it is difficult to conceive of an order that could properly be called more "final". It is, in fact, the last "hearing" in the Federal Court.

In the instant case the plaintiff's motion for remand was not the subject of argument before the District Judge. The defendant ultimately joined in the motion with the remand order so indicating. While such facts are persuasive to the Court in exercising its discretion not to tax the docket fees in these two cases, the Court is not inclined to ascertain such matters in each case involving an order of remand. Such action would require the Clerk to bring all remand cases to the attention of the Court before taxing costs.

As a practical matter the bond for costs given by a defendant in a removal proceeding hardly contemplates any costs other than the docket fees. The Clerk's costs are generally prepaid at the time of removal. Only infrequently do we note cases involving protracted litigation on the subject of remand.

■ It is not the duty of the Court to inquire into the intent of Congress in providing for the taxation of small docket fees to be paid to attorneys and proctors under Section 1923. Whether it is by way of supplementing compensation to counsel or in the nature of a penalty is immaterial. In the exercise of proper discretion, it is as much a part of the taxable costs as any other item. The improvident removal of actions from the State to Federal Courts should not be encouraged. There may be exceptional cases involving litigants who, by reason of their financial status, should be relieved from the assessment of such docket fees in the exercise of the Court's discretion but, in the opinion of this Court, the generally accepted rule should follow the usual practice of awarding costs to the prevailing party.

■ It is the opinion of the Court that the docket fees in remand cases improperly removed from the State Court, while discretionary with the Court, should be properly assessed as a part of

the costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure granting costs to the prevailing party.

An order will be entered to this effect allowing the docket fees in each case.