## MARTIN v. SNYDER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ILLINOIS.

No. 131. Argued and submitted March 9, 10, 1893. — Decided April 10, 1893.

A defendant residing within a State in which an action is commenced in a court of the State, is not entitled, under the act of March 3, 1887, 24 Stat. 552, c. 373, to have the suit removed to the Circuit Court of the United States.

THE case is stated in the opinion.

*Mr. D. W. Voorhees* and *Mr. L. B. Hilles,* (with whom was *Mr. Reese H. Voorhees* on the brief,) for appellants. *Mr. G. W. Kretzinger* also filed a brief for appellants.

*Mr. Allan C. Story* for appellee.

THE CHIEF JUSTICE: This was a bill of complaint filed by Samuel F. Engs, George Engs and Henry Snyder, Jr., of the city, county and State of New York, against Morris T. Martin and Carrie E. Martin, in the Circuit Court of Lake County in the State of Illinois, on the 27th of October, 1887.

November 7, 1887, the defendants preferred a petition for the removal of the cause to the United States Circuit Court within and for the Northern District of Illinois on the ground of diverse citizenship, and the case was transferred accordingly.

The petition stated "that the controversy in said suit is between citizens of different States, and that the petitioners were at the time of the commencement of this suit and still are citizens of the State of Illinois, and that all the plaintiffs were then and still are citizens of the State of New York."

Under the act of Congress of March 3, 1887, 24 Stat. 552, c. 373, it is the defendant or defendants who are non-residents

of the State in which the action is pending, who may remove the same into the Circuit Court of the United States for the proper district. The defendants here were not entitled to such removal, and the decree, which was in favor of complainants and from which the defendants prosecuted this appeal, must be reversed for want of jurisdiction, with costs against the appellants, and the case remanded to the Circuit Court with directions to render a judgment against them for costs in that court, and to remand the case to the state court. *Torrence* v. *Shedd*, 144 U. S. 527, 533.

> *Judgment reversed and cause remanded accordingly.*