[No. 6340. Decided November 25, 1907.]

MARIE CARRAU, *Respondent*, v. UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant*.[1]

COSTS—SECURITY FOR—POWER TO REQUIRE—COURTS—JURISDICTION. A cost bond filed pursuant to the order of the Federal court is not void because of the fact that the action was dismissed for want of jurisdiction over the subject-matter of the action; as the Federal court has jurisdiction to render a judgment for costs in such a case; and power to require security for costs is incident to the court's power to render judgment for costs.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 18, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a cost bond. Affirmed.

*Samuel H. Piles, George Donworth, James B. Howe*, and *Charles H. Farrell* (*Walter S. Fulton*, of counsel), for appellant.

*J. W. Robinson*, for respondent.

[1]Reported in 92 Pac. 424.

RUDKIN, J.—Sometime prior to the 24th day of October, 1901, Hannah O'Callaghan and Edward Corcoran, as complainants, instituted a suit in equity in the Circuit Court of the United States for the District of Washington, against Terence O'Brien, as administrator of the estate of John Sullivan, deceased, and Marie Carrau as defendants. That court, on application of the defendant Carrau, made an order requiring the complainants to execute a cost bond in her favor in the sum of $400. Pursuant to this order the bond now in suit, executed by the defendant herein, was, on the above date, filed in the Circuit Court. The suit in which the cost bond was given was thereafter dismissed for want of jurisdiction, and a judgment for costs rendered against the complainants in the sum of $2,619.90. The present action was brought on the cost bond, and from a judgment in favor of the plaintiff, the defendant has appealed.

While three errors are assigned by the appellant, they present but a single question; namely, was the cost bond void because given pursuant to an order of the Circuit Court of the United States in a cause of which that court had no jurisdiction? In other words, the appellant contends that because the Circuit Court had no jurisdiction of the subject-matter of the suit it had no jurisdiction to require the complainant in that suit to give security for costs. We do not think that this conclusion follows. Independent of the fact that the judgment for costs was given in the Circuit Court in the suit in which the cost bond was filed, in obedience to the mandate of the Supreme Court of the United States, it is well settled that a party who brings or removes into the Circuit Court of the United States a case not within its jurisdiction is liable for the costs, and that the Circuit Court has jurisdiction to render judgment therefor. *Torrence v. Shedd,* 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528; *Martin v. Snyder,* 148 U. S. 663, 13 Sup. Ct. 706, 37 L. Ed. 602; *Tennessee v. Union & Planters' Bank,* 152 U. S. 454, 14 Sup.

Ct. 654, 38 L. Ed. 511; *Hanrick v. Hanrick,* 153 U. S. 192, 14 Sup. Ct. 835, 38 L. Ed. 685; *Postal Telegraph Cable Co. v. Alabama,* 155 U. S. 482, 15 Sup. Ct. 192, 39 L. Ed. 231; *Pellett v. Great Northern R. Co.,* 105 Fed. 194; *Carrau v. O'Calligan,* 125 Fed. 657; Freeman, Judgments (4th ed.), § 120.

And we are of opinion that the power of the court to require security for costs is an incident to its power to render judgment for costs, rather than an incident to its jurisdiction over the subject-matter of the action. If it be conceded that the Circuit Court had jurisdiction to render judgment for costs against the complainants, *after the costs were incurred,* we think it necessarily follows that it had jurisdiction to require security for such costs *before they were incurred.* Furthermore, whether the Circuit Court had jurisdiction of the subject-matter of the action or not, it unquestionably had authority to stay proceedings and refuse to proceed further until a cost bond was given. By giving the cost bond the complainants were enabled to invoke the jurisdiction of the Circuit Court, and prosecute their claim to the Supreme Court of the United States, imposing costs on the defendants far in excess of the amount of the cost bond, and we think the appellant should now be estopped to deny either the validity of the bond or the authority of the Circuit Court to exact it.

We find no error in the record, the judgment is affirmed.

HADLEY, C. J., FULLERTON, DUNBAR, MOUNT, CROW, and ROOT, JJ., concur.