## McCAFFREY et al. v. WILSON & CO. et al.

(District Court, D. Massachusetts. January 12, 1926.)

No. 2583.

1. Courts ⬤⤳260—Jurisdiction of federal courts depends on subject-matter or diversity of citizenship.

Jurisdiction of federal courts depends on subject-matter or on diversity of citizenship.

2. Courts ⬤⤳300—Jurisdiction of federal courts, based on diversity of citizenship, is entirely statutory.

Jurisdiction of federal courts, based on diversity of citizenship, is entirely statutory.

3. Removal of causes ⬤⤳44—Defendant, sued in own state, may not remove, but defendant, sued alone in another state, may remove.

Under Judicial Code, § 28 (Comp. St. § 1010), defendant, sued in courts of his own state, may not remove to federal court, but defendant, sued alone in state courts of state where he is not a citizen, may remove.

4. Removal of causes ⬤⤳29—Where controversy is not separable, and resident and non-resident defendants are joined, action is not removable.

Where controversy is not separable, and nonresident defendants are joined with resident defendants, action is not removable to federal court.

5. Removal of causes ⬤⤳82—All defendants must unite in petition for removal.

Under Judicial Code, § 28 (Comp. St. § 1010), all defendants must unite in petition for removal.

6. Removal of causes ⬤⤳2—Removal statute should not be enlarged beyond what is definite and free from ambiguity.

Judicial Code, § 28 (Comp. St. § 1010), being in derogation of state's sovereignty, should not be enlarged beyond what is definite and free from ambiguity.

At Law. Action by Edward J. McCaffrey and others against Wilson & Co. and another. Case remanded to state court.

Asa P. French and Francis N. Balch, both of Boston, Mass., for plaintiffs.

Frank W. Knowlton and Choate, Hall & Stewart, all of Boston, Mass., for defendant Consolidated Rendering Co., N. E. Rendering Co., and Hinckley Rendering Co.

John L. Hall, Stuart C. Rand, and Choate, Hall & Stewart, all of Boston, Mass.,

for defendant American Agricultural Chemical Co. and Eastern Oil & Rendering Co.

Clarence A. Warren, of Boston, Mass., for defendant Broadway Nat. Bank of Chelsea, an alleged trustee.

Choate, Hall & Stewart and Frank W. Knowlton, all of Boston, Mass., for defendant Horatio W. Heath.

Choate, Hall & Stewart, John L. Hall, and Stuart C. Rand, all of Boston, Mass., for defendants Peter B. and Robert S. Bradley.

Ralph M. Smith, of Boston, Mass., for defendant Somerville Trust Co., alleged trustee.

Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., for defendant National Shawmut Bank, alleged trustee.

Weld A. Rollins, of Boston, Mass., for defendant American Trust Co., alleged trustee.

Frederick W. Eaton and Blodgett, Jones, Burnham & Bingham, all of Boston, Mass., for defendant First Nat. Bank of Boston, alleged trustee.

MORTON, District Judge. [1-3] The jurisdiction of the federal courts is, speaking generally, of two sorts—the first depending on the subject-matter, e. g., admiralty, bankruptcy, constitutional questions, etc.; the second resting on diversity of citizenship between the opposing parties. This latter is, like all jurisdiction of inferior federal courts, entirely a matter of statute. The act (Judicial Code, § 28 [Comp. St. § 1010]) is obscurely worded and has given rise to many difficult questions. Without undertaking to discuss the numerous decisions, certain basic principles, to be applied where the sole ground of jurisdiction is diversity of citizenship, are now, as it seems to me, pretty clearly established. A defendant, sued in the courts of his own state, may not remove to the federal courts. Martin v. Snyder, 148 U. S. 663, 13 S. Ct. 706, 37 L. Ed. 602. A defendant, sued alone in the state courts of a state where he is not a citizen, may remove. [4, 5] Where the controversy is not separable, and resident and nonresident defendants are joined, the alternatives were—as an original question—that the right of removal of

10 F.(2d)—24

the resident defendants should be enlarged, because they were joined with nonresident ones, or the right of removal of the nonresident defendants should be restricted, because they were joined with resident ones, or the single case brought by the plaintiff should be split into two cases for trial in the state and federal courts, which might lead to great difficulty and uncertainty. As I understand the law, the second alternative has been established. "Under the first clause of section 2 of the act of 1875 (18 Stats. 470, c. 137) which applied to 'either party,' but in its re-enactment in the second clause of section 2 of the act of 1887, above quoted, is confined to the defendant or defendants, it was well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition. * * * And in view of the language of the statute we think the proper conclusion is that all the defendants must join in the application under either clause." Fuller, C. J., in Chicago, Rock Island, etc., Ry. Co. v. Martin, 178 U. S. 245, 247, 20 S. Ct. 854, 855 (44 L. Ed. 1055).

[6] This fully covers the present case. It is said for the defendants that it is a "mere dictum"; but, even if I am not bound to this result, the reasons for it seem to me much stronger than for either of the other views. Blackburn v. Blackburn (C. C.) 142 F. 901, is a careful District Court opinion reaching the same conclusion. Hunter v. Conrad (C. C.) 85 F. 803, is contrary. The third alternative would be so impracticable that it cannot be supposed Congress intended it. Moreover, as was said in Chicago, Rock Island, etc., Ry. Co. v. Martin, 178 U. S. 245, 248, 20 S. Ct. 854, 855 (44 L. Ed. 1055): "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint." Gray, J. The right of removal being in derogation of state sovereignty, the act granting it ought not to be enlarged beyond what is "definite and free from ambiguity." Van Devanter, J., in Lee v. C. & O. R. R. Co., 260 U. S. 653, at page 660, 43 S. Ct. 230, 233 (67 L. Ed. 443).

It is unnecessary to discuss the other points argued.

Case remanded.