## DICKINSON TIRE & MACHINE CO. v. DICKINSON et al.

Circuit Court of Appeals, Second Circuit. December 3, 1928.

No. 28.

494

William M. Silverman, of New York City, for appellant.

Clark, Reynolds & Hinds, of New York City (Roger Hinds, of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and AUGUS-TUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). ■ The first question is as to the jurisdiction of the District Court upon the removal. Although plaintiff made no motion to remand and raised no question of jurisdiction during the trial, it would be our duty to reverse the decree and direct that the case be remanded to the state court, if the suit were one not removable under the statutes. See Martin v. Snyder, 148 U. S. 663, 13 S. Ct. 706, 37 L. Ed. 602; Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 S. Ct. 654, 38 L. Ed. 511. We pass without examination the question whether the suit involved separable controversies against the two defendants, so as to justify removal on the ground of diversity of citizenship, and rest our decision upon section 256 of the Judicial Code (USCA tit. 28, § 371), which confers exclusive jurisdiction upon the federal courts "of all cases arising under the patent right, or copyright laws of the United States."

■ The nature of plaintiff's suit must be determined from the allegations of the bill of complaint. The Fair v. Kohler Die & Specialty Co., 228 U. S. 22, 25, 33 S. Ct. 410, 57 L. Ed. 716; Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255, 259, 18 S. Ct. 62, 42 L. Ed. 458; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U. S. 282, 22 S. Ct. 681, 46 L. Ed. 910. The bill makes the usual allegations of a bill for patent infringement; it asserts title to the patents by assignment, plaintiff's exclusive right to manufacture and sell the patented articles, and defendants' infringement. It prays for an injunction and accounting. True, it demands other relief, which is not given in a patent suit, such as the appointment of a receiver and the cancellation of the conveyance by Dickinson to the corporate defendant. But the prayer for inappropriate relief does not change the character of plaintiff's bill.

■ The only cause of action asserted is the violation of plaintiff's rights under the patents; no defect in title is acknowledged, and no conveyance to plaintiff to complete its title is asked. The answer, it is true, asserts a revocation of any rights in the patents under plaintiff's agreement with Dick-

inson, and the controversy on the trial revolved about this issue. But this is no more than a denial of plaintiff's title. When the plaintiff bases his cause of action upon an act of Congress, jurisdiction cannot be defeated by a plea which merely denies the merits of the claim. As said in the Fair Case, supra, "jurisdiction is authority to decide the case either way." Were it otherwise, a decision that a patent was invalid would oust the court of jurisdiction to render it.

Upon the argument it was questioned whether an assignee may sue as owner of the patent when the assignment is made before the patent issued and the patent is subsequently issued to the assignor. Even if the question were to be answered in the negative, plaintiff's claim of right to do so would seem to present a case arising under the patent laws within the principles of the authorities above cited. But it has been conclusively settled that the equitable assignee under a recorded assignment may sue the assignor patentee for infringement. Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577; Excelsior Wooden-Pipe Co. v. Pacific Bridge Co., 185 U. S. 282, 295, 22 S. Ct. 681, 46 L. Ed. 910. Consequently there is no doubt that the court had jurisdiction of the original bill. Its jurisdiction to decide the counterclaim arising out of the subject-matter of the suit is equally clear. See Moore v. N. Y. Cotton Exch., 270 U. S. 593, 46 S. Ct. 367, 70 L. Ed. 750, 45 A. L. R. 1370.

Of the merits little need be said. The District Court found that plaintiff broke its contract of November 4, 1914, thereby causing the condition of reverter in the assignments to become operative upon the expiration of a 30-day notice served on plaintiff April 3, 1916. Appellant concedes that, if it did break its contract, the decree was right. The contract provided:

" * * * And you [plaintiff] are to assume all future liability for expense in connection with the further development of said machinery, and for taking out of said letters patent upon the application heretofore made therefor."

Concededly, such money as plaintiff advanced was reasonably and economically expended; but was not enough, and plaintiff refused to advance more. Plaintiff attempted to prove that it was the understanding of the parties that the advances should be limited to $25,000. The exclusion of such evidence is the error chiefly relied upon in appellant's brief, although not specified in the assignment of errors. Under the rules of this court, errors not assigned will not be considered, unless the court of its own motion so wishes. It suffices to say that we regard the exclusion of the offered evidence as correct, for the phrase "all future liability" is inconsistent with an agreement to limit the amount of plaintiff's advances for obtaining the letters patent, and the written instrument appears to be a complete memorial of the agreement of the parties. The excluded letters and testimony, so far as they prove anything, tend to contradict the terms of the written contract as to advances, rather than to show that the writing was not intended to embody the whole agreement on that subject. It is elementary that, though the latter may be done, the former may not. 5 Wigmore, Evidence (2d Ed.) §§ 2430, 2444. Hence the court's finding that plaintiff's rights in the patents were terminated by notice in 1916 was correct. We are also satisfied that the finding of laches was amply sustained by the evidence.

The decree is affirmed.