**LOPATA et al. v. HANDLER et al.**

No. 2311.

Circuit Court of Appeals, Tenth Circuit.

July 24, 1941.

Rehearing Denied Aug. 28, 1941.

R. Brown, of Creston, Iowa, for appellants.

C. B. McCrory, of Okmulgee, Okl. (I. H. Cox, of Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Arnest Lopata and twelve other individuals[1] brought this action against S. B. Handler, M. H. Holden, Hubert D. Meyer,[2] and the Hanfield Petroleum & Royalty Corporation[3] in the District Court of Okmulgee County, Oklahoma.

In their petition they set up that the corporation is a corporation organized under the laws of the state of Delaware; that the individual defendants are the officers and directors of the corporation and are residents of the state of Oklahoma; that the plaintiffs are residents of the state of Iowa and are stockholders in the corporation; that the corporation owned certain producing oil and gas leases in the state of Oklahoma and was engaged in producing and marketing oil and gas therefrom; that in March, 1940, all the assets of the corporation were illegally transferred to the individual defendants for the purpose of defrauding the stockholders. Plaintiffs prayed that the court appoint a receiver to take charge of the assets of the corporation and the assets thereof which had been transferred illegally to the individual defendants; that an accounting be had; and that the corporation be liquidated and its assets distributed to the stockholders.

The individual defendants filed a petition to remove the action to the District Court of the United States for the Eastern District of Oklahoma, on the ground of diversity of citizenship. They alleged that the amount in controversy was in excess of $5,000. The corporation also filed a petition to remove the cause to the federal court wherein it alleged that the amount in controversy, exclusive of interest and costs, exceeded the sum or value of $3,000; that at the time of the bringing of the action it was and still is a corporation organized under the laws of the state of Delaware and a citizen of that state; that the plaintiffs at the time of the bringing of the action were and still are citizens of the state of Iowa; that plaintiffs' petition sets up two causes of action, one against the corporation and one against the individual defendants; that such causes of action are separate, separable, and distinct. Other steps requisite to removal were taken by the individual defendants and the corporation and the action was removed to the federal court. After the cause was removed to the federal court, counsel for plaintiffs announced in open court that they would not move to remand the suit to the state court.

From a judgment in favor of the corporation and the individual defendants, the plaintiffs have appealed.

■ The plaintiffs have moved to reverse with directions to remand the suit to the state court. Unless the petition in the state court set up a separable controversy between the plaintiffs and the corporation, the action was not removable under 28 U.S.C.A. § 71, because the individual defendants were residents of the state of Oklahoma.[4] However, the plaintiffs were citizens of the state of Iowa, the corporation was a citizen of the state of Delaware, and the individual defendants were citizens of the state of Oklahoma, and the amount in controversy, exclusive of interest and costs, exceeded the sum of $3,000. The suit against the individual defendants was in the nature of a stockholder's suit and sought recovery in behalf of the corporation of assets of a value largely in excess of $3,000.[5] Therefore, the action was within the original jurisdiction of the District Court of the United States for the Eastern District of Oklahoma under 28 U.S.C.A. § 41(1)(b) and might properly have been brought in that court.

■ While parties cannot confer substantive jurisdiction by consent, they may waive the lack of proper venue. In Neirbo Company v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 167, 60 S.Ct. 153, 154, 84 L.Ed. 167, 128 A.L.R. 1437, the court said: "The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit—the place where judicial authority may be exer-

---

[1] Hereinafter called plaintiffs.

[2] Hereinafter called the individual defendants.

[3] Hereinafter called the corporation.

[4] Martin v. Snyder, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602; McCaffrey v. Wilson & Co., D.C.Mass., 10 F.2d 368; Rand v. Hercules Powder Company, D.C.N.Y., 28 F.2d 131.

[5] Even though, as contended by the plaintiffs, the corporation was dissolved on March 2, 1940 by the vote of its stockholders, it continued for the term of three years thereafter for the purpose of prosecuting and defending suits. Delaware Revised Code 1935, § 42, Chap. 65.

cised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts."

■ Where a suit is one of which a federal court may take jurisdiction, that is, a case which the plaintiff might properly bring in a federal court, and the defendant procures its removal from a state court, although such removal is wholly unauthorized, and the plaintiff acquiesces in such removal, the federal court acquires jurisdiction.[6]

■ Here, counsel for the plaintiffs affirmatively stated in open court that they would not seek to have the cause remanded, proceeded to trial on the merits, and thus waived the right to have the cause remanded.

The motion to reverse with directions to remand the action to the state court is denied.

The individual defendants and the corporation have moved to dismiss the appeal.

The notice of appeal was dated March 21, 1941. The record of appeal was filed in this court May 9, 1941. Rule 73(g) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires the record on appeal to be "filed with the appellate court and the action there docketed within 40 days from the date of the notice of appeal."

■ On April 28, 1941, the plaintiffs filed in the trial court a designation of the record on appeal. A copy thereof was not served either upon the individual defendants or the corporation. The designation did not include the complete record and the plaintiffs did not file nor serve upon either the corporation or the individual defendants a concise statement of the points on which they intended to rely on the appeal. The plaintiffs, therefore, failed to comply with Rule 75(a) and (d) of the Rules of Civil Procedure. Plaintiffs did not, when the record was filed in this court, nor within five days thereafter, nor at any other time,

file with the clerk of this court a definite statement of the points on which they intended to rely and of the parts of the record which they deemed necessary for the consideration thereof as required by Rule 13 of this court. See Leimer v. State Mut. L. Assur. Co., 8 Cir., 107 F.2d 1003.

Furthermore, it is our opinion that the record discloses no prejudicial error.

The appeal is, therefore, dismissed.

---

[6] Handley-Mack Co. v. Godchaux Sugar Co., 6 Cir., 2 F.2d 435, 436, 437; Bailey v. Texas Company, 2 Cir., 47 F.2d 153, 155; Noethe v. Mann, D.C.Minn., 27 F.2d 451, 452; Toledo, St. L. & W. R. Co. v. Perenchio, 7 Cir., 205 F. 472; Fidelity & Deposit Co. of Maryland v. Burden, 2 Cir., 53 F.2d 381; Jacobson v. Chicago, M., St. P. & P. R. Co., 8 Cir., 66 F.2d 688, 693; General Investment Co. v. Lake Shore & M. S. Ry. Co., 6 Cir., 250 F. 160, 163; Carpenter v. Baltimore & O. R. Co., 6 Cir., 109 F.2d 375, 379, 380.