## KANE v. REICHART FURNITURE CO.

## REICHART FURNITURE CO. v. KANE et al.

### Civil Actions Nos. 395–W, 397–W.

### District Court, N. D. West Virginia.

### Oct. 24, 1946.

D. Paul Camilletti, of Wheeling, W. Va., for Sam Kane and D. Paul Camilletti.

Charles McCamic, of Wheeling, W. Va., for Reichart Furniture Co.

BAKER, District Judge.

Sam Kane was an employee of the Reichart Furniture Company, working for said company under a contract of employment.

Reichart Furniture Company is a West Virginia corporation, having its principal place of business in Wheeling, Ohio County, West Virginia.

About Christmas time of 1945, the employment of Sam Kane by Reichart Furniture Company was terminated. Subsequently Kane moved to the City of Roanoke, Virginia, and on August 2, 1946, while a resident of the State of Virginia, he instituted a suit against Reichart Furniture Company in the Circuit Court of Ohio County, West Virginia, for breach of contract, claiming damages of $10,000.

Reichart Furniture Company seasonably presented to the Circuit Court of Ohio County its petition for removal to this Court of this action and tendered a removal bond. Sam Kane appeared in the Circuit Court of Ohio County and filed his answer to the petition for removal, resisting the same upon the ground that the case could not properly be removed. The presiding Judge of the Circuit Court of Ohio County refused to remove the case and entered an order dismissing the petition to remove.

Reichart Furniture Company then obtained from the Clerk of the Circuit Court of Ohio County a certified copy of the record of the proceedings in that court and filed the same in this court, which was docketed as Civil Action No. 395–W. Subsequently thereto Reichart Furniture Company filed in this court a Civil Action No. 397–W, as aid to the jurisdiction of this court, seeking among other things to restrain the further prosecution of the case in the Circuit Court of Ohio County. Upon hearing in open court D. Paul Camilletti, speaking for himself and as counsel for Sam Kane, stipulated that pending the decision of the questions in this court no action would be taken in the state court. This stipulation was accepted by counsel for Reichart Furniture Company. Sam Kane then made a motion to remand the original proceeding to the Circuit Court of Ohio County.

Counsel for Reichart Furniture Company, in his oral argument and in his written brief, stressed first the proposition that Section 265 of the Judicial Code, 28 U.S. C.A. § 379, which forbids United States Courts to stay proceedings of a State Court, does not of itself bar an action in the Federal Court to enjoin an individual litigant from proceeding with State court litigation. He further cited authorities for the proposition that where an ancillary proceeding is brought, especially one in aid of jurisdiction, a resident as well as non-resident may be joined in Federal Courts. Counsel for Kane did not quarrel with either of these propositions and I do not con-

sider it necessary to pass upon them in this instance, but will assume that they correctly state the law.

This brings us to the real question involved; that is, where a citizen of Virginia. sues a citizen of West Virginia, in the West Virginia State Court, can the West Virginia citizen remove such suit to the proper Federal Court. In this connection I find as matters of fact that Sam Kane was, at the time of instituting the State court proceedings, and still is, a citizen of the State of Virginia. 2. That Reichart Furniture Company was, at the time of the institution of the State court proceeding, and still is, a West Virginia Corporation, having its principal place of business in the Northern District of such State.

Reichart Furniture Company contends that where a Federal Court would have had original jurisdiction of a proceeding had it been instituted therein, such case, when instituted in the State Court, is removable, irrespective of the residence of the State Court defendant. Kane contends that this proposition is not true, and that only actions involving Federal questions may be removed from the State to the Federal Court, irrespective of the residence of the defendant. Apparently the overwhelming weight of authority is with Kane.

Montgomery's Manual of Federal Jurisdiction and Procedure, Section 228, states:

"Under this provision a case may be removed by the defendant where it appears (1) that the controversy is between citizens of different states, (2) that the requisite jurisdictional amount is involved, and (3) that the defendant is not a resident of the state wherein the suit is brought. A suit is not removable, if the amount in controversy does not exceed three thousand dollars, or if the defendant is not a nonresident of the state."

American Jurisprudence, Volume 45, Page 819, Section 18, states:

"The right to remove a suit from a state to a Federal court is, as stated above, derived from acts of Congress. That body has declared in clear terms the kind and character of suits that are subject to removal, and by so doing has necessarily excluded all others. So, it may be said that

a litigant can successfully invoke the right to remove his cause to a United States court only when it falls within the designated class of removable suits."

And on Page 862, at Section 72:

"The Judiciary Act of 1875 altered the preexisting law to permit suits involving a controversy between citizens of different states to be removed by either party. But the right of removal on this ground was again restricted to nonresident defendants by the Judiciary Acts of 1887–1888, and the language of the present act is that 'any defendant, being such citizen of another state,' may remove the suit."

The Statute itself, U.S.C.A., Title 28, § 71, in its first sentence, confers upon the defendant or defendants therein (with no mention of such defendant's residence) the right to remove any suit of a civil nature, arising under the Constitution or laws of the United States. The second sentence of the Statute reads:

"Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, *being nonresidents of that State*." (Emphasis supplied.)

The Statute then continues:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

The Statute then confers the right to remove in another class of cases; namely, those in which a defendant claims prejudice or local influence in the State Court.

The Federal Courts have apparently taken the position that where, as is the case here, no Federal question is involved, only a defendant, who is a nonresident of the State in which the action is instituted, can remove such action to the United States Court.

This was clearly and unequivocally held in the case of Martin v. Snyder, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602, in an opinion by the late Chief Justice Fuller. In that case a bill of complaint was filed by three residents of the State of New York against two residents of the State of Illinois in the Illinois State Court. The defendants presented a petition to remove. Mr. Chief Justice Fuller said, in part:

"Under the act of congress of March 3, 1887, 24 Stat. 552, c. 373, it is the defendant or defendants who are nonresidents of the state in which the action is pending, who may remove the same into the circuit court of the United States for the proper district. The defendants here were not entitled to such removal, and the decree, which was in favor of complainants, and from which the defendants prosecuted this appeal, must be reversed for want of jurisdiction, with costs against the appellants, and the case remanded to the circuit court, with directions to render a judgment against them for costs in that court, and to remand the case to the state court."

While not directly passing upon the question, the Supreme Court in the case of Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, on page 152, 34 S.Ct. 278, on page 280, 58 L.Ed. 544, in an opinion by Mr. Justice Van Devanter, said:

"A civil case, at law or in equity, presenting a controversy between citizens of different states, and involving the requisite jurisdictional amount, *is one which may be removed by the defendant, if not a resident of the state in which the case is brought;* and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." (Emphasis supplied.)

The lower Federal Courts have uniformly followed this rule. In the case of McCaffrey et al. v. Wilson & Co. et al., D.C., Mass., 10 F.2d 368, 369, Judge Morton said:

"The jurisdiction of the federal courts is, speaking generally, of two sorts—the first depending on the subject-matter, e. g., admiralty, bankruptcy, constitutional questions, etc.; the second resting on diversity of citizenship between the opposing parties. * * * Without undertaking to discuss the numerous decisions, certain basic principles, to be applied where the sole ground of jurisdiction is diversity of citizenship, are now, as it seems to me, pretty clearly established. A defendant, sued in the courts of his own state, may not remove to the federal courts."

In Ford Motor Co. v. Automobile Ins. Co., et al., D.C.Mich., 13 F.2d 415, Judge Simons said, at page 416:

"It is, of course, clear that under the applicable provisions of the Removal Statute, section 28 of the Judicial Code (Comp. St. § 1010 [28 U.S.C.A. § 71]), this suit could not be removed from the state court to this court on the ground that it was based on diversity of citizenship, except 'by the defendant or defendants therein, being nonresidents of that state'."

Lastly, the Fourth Circuit Court of Appeals, in the case of London v. Norfolk & W. Ry. Co., 4 Cir., 111 F.2d 127, in a Per Curiam Opinion, but in a case in which Judges Parker, Dobie, and Northcott sat, said:

"The effect of the Neirbo case is merely to permit suit against a corporation in a federal district in which it has appointed an agent to accept service of process, and in which, if sued in a state court, it might remove to a federal court. *No such right of removal exists in diversity of citizenship cases if a corporation be sued in a court of the state of its residence.*" (Emphasis supplied.)

I deem it fruitless to continue a discussion of the authorities in view of those above cited, which are binding upon this Court. A reading of the Statute itself, irrespective of any authority, would compel me to reach the same conclusion. I, therefore, hold as a matter of law that a West Virginia Corporation, sued in a West Virginia State Court, can not, on the sole ground of diversity of citizenship, remove such suit to the Federal Court. The motion to remand to the State Court is, therefore, granted. The motion to enjoin Kane from proceeding with the case in the Circuit Court of Ohio County is denied.