**REDNOR v. PAULY.**
Civ. A. No. 5281.

United States District Court
S. D. Texas, Houston Division.
Dec. 6, 1949.

Baker, Botts, Andrews & Parish (W. V. Ballew, Jr.), of Houston, Tex., for plaintiff.

Aaron Goldfarb, of Houston, Tex., for defendant.

KENNERLY, Chief Judge.

This is a hearing on Plaintiff's Motion to Remand this case to the State Court. The record shows that:

(a) On October 28, 1949, Defendant filed in this Court his Petition and Bond under Section 1446, Title 28 U.S.C.A., of the Code of Judiciary and Judicial Procedure of September 1, 1948, and Amendments, to remove this case into this Court from the District Court of Harris County, Texas (80th Judicial District), where Defendant alleged it to be then pending.

(b) Defendant therein alleged that "diversity of citizenship exists between the parties" in that he is a "resident" of Texas and Plaintiff is a "resident" of Louisiana, and that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3000. There is no dispute that there is diversity of citizenship between the parties.

(c) Defendant attaches to his Petition for Removal what purports to be a copy of Plaintiff's Petition in the State Court and a copy of Citation issued out of the State Court. These show that the matter in controversy, exclusive of interest and costs, *does not exceed* the sum or value of $3000. The copy of Citation shows that the suit was filed in the State Court December 18, 1948, and Citation served on Defendant December 20, 1948.

(d) Defendant also attaches to his Petition for Removal a purported copy of his Answer in the State Court, but the date it was filed in the State Court is not given.

(e) Defendant also attaches to his Petition for Removal a purported copy of Plaintiff's Amended Petition in the State Court, but the date of its filing in the State Court is not given. This Amended Petition shows that the matter in controversy, exclusive of interest and costs, *exceeds* $3000.

(f) There is no showing here that Defendant has given the written notice required by Section 1446 to be given all adverse parties, or that he has filed with the Clerk of the State Court a copy of his Petition for Removal.

(g) On November 8, 1949, Plaintiff filed in this Court his Motion to Remand the case to the State Court, claiming that the case is not removable, but that if it is removable, Defendant's Petition to Remove was filed in this Court too late. In such Motion, it is alleged that Plaintiff's Amended Petition was filed in the State Court January 27, 1949.

1: Section 1441 of Title 28 of the Code of Judiciary and Judicial Procedure, effective September 1, 1948, is controlling. The applicable portion thereof is as follows (italics mine):

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*"

It is well settled that under the Law prior to such Amendment of September 1, 1948, a Defendant in a suit in a State Court who

was a resident of the State where such suit was pending could not remove same into a United States District Court.[1] It is perfectly plain that in enacting Section 1441, and especially the italicized portion thereof, Congress did not intend to change the rule. Plaintiff is right. This case is not removable, and should and will be remanded to the State Court.

Since the case is not removable, it is not necessary to pass upon the questions arising by reason of Defendant's efforts to do so.

Let appropriate Order, remanding the case, be drawn and presented.

1. Section 71, Title 28, U.S.C.A. Martin v. Snyder, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602; Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 103, 61 S.Ct. 868, 85 L.Ed. 1214; Id., 5 Cir., 115 F.2d 880, 882.