**Rodney R. SMITH, Plaintiff,**

v.

**VOSS OIL COMPANY, Defendant.**

Civ. No. 4202.

United States District Court
D. Wyoming.
Oct. 28, 1958.

Jones & Dumbrill, Newcastle, Wyo., for plaintiff.

Lathrop, Lathrop & Tilker, Cheyenne, Wyo., for defendant.

KERR, District Judge.

On August 13, 1958, plaintiff, Rodney R. Smith, a citizen of the state of Nebraska, instituted this action in the District Court in and for Weston County, Wyoming, alleging that he is the owner and holder of a certain promissory note dated April 3, 1957, in the principal sum of $37,931.74 executed by the defendant, Voss Oil Company, and praying judgment against the defendant for said amount, plus interest and attorney fees.

On August 29, 1958, Voss Oil Company filed its petition for removal to this court and in addition to other things stated: The above entitled cause involves a controversy which is wholly between citizens of different states in that the plaintiff in the above entitled cause was at the time of the commencement of this action, and still is, a citizen of the state of Nebraska, and that the defendant, Voss Oil Company, was, and still is, a corporation *incorporated under the laws of the state of Delaware*, and it does not conduct its principal business in the state of Nebraska.

On October 2, 1958, plaintiff filed its motion to remand said action and averred that the claim of the plaintiff does not arise under the Constitution, treaties or laws of the United States, and that the defendant, Voss Oil Company, is a citizen of the state of Wyoming as defined in 28 U.S.C.A. § 1332(c), said Voss Oil Company being a corporation, incorporated under the laws of the state of Delaware and *having its principal place of business in Newcastle, Weston County, Wyoming*.

The issue presented by the removal and motion to remand is one concerning the jurisdiction of the federal court. By Article 3, Section 2, of the Constitution the federal courts are expressly given jurisdiction over controversies "between Citizens of different States". In the case at bar I am confronted at the threshold by Section 1441 of Title 28 of the United States Code:

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" (Emphasis supplied.)

In addition to the above restriction of jurisdiction, attention and obedience must be given to Section 1332 of Title 28 of the United States Code, as amended July 25, 1958:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business.*" (Emphasis supplied.) 72 Stat. 415.

It is elementary that the right of removal and jurisdiction of federal courts in removal cases exist only where Congress has so designated. Gaines v. Fuentes, 92 U.S. 10, 23 L.Ed. 524.

It has undoubtedly been the policy of Congress throughout the years to restrict federal jurisdiction. This is borne out by recent legislation increasing the value or amount necessarily involved in the controversy and the making of certain types of actions non-removable. Notwithstanding scores of cases on the subject of removal it usually presents a perplexing problem. This is aptly shown in the case of Hagerla v. Mississippi River Power Co., D.C., 202 F. 771, at page 773, from which I quote:

"That there is no other phase of American jurisprudence with so many refinements and subtleties, as relate to removal proceedings, is known by all who have to deal with them.

"Those who doubt this statement should but read my opinion in Kirby v. [Chicago & N. W.] Railroad, C. C., 106 F. 551, followed on the same record in Myers v. [Chicago & N. W.] Railroad, 118 Iowa, 312, 91 N. W. 1076, citing my decision with approval. Then there is my decision in the Boynton Case [Mason City & Fort Dodge R. Co. v. Boynton, 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629], in which I reversed my own decision in the Kirby Case, and then the affirmation of my Boynton decision (204 U.S. 571, 27 S.Ct. 321, 51 L.Ed. 629). Then turn to the Wisner Case, 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264, followed by the criticism and partial overruling in Re Moore, 209 U.S. 490, 28 S.Ct. 585, 706, 52 L.Ed. 904, 14 Ann.Cas. 1164, and in Re Winn, 213 U.S. 458, 29 S.Ct. 515, 53 L.Ed. 873, and then see Ex parte Harding, 219 U.S. 363, 31 S.Ct. 324, 55 L.Ed. 252, 37 L.R.A.,N.S., 392, overruling the Wisner and Winn Cases.

I call attention to those cases, not by way of criticism, but to show the late decisions, and to show the vexing questions judges on the circuit have had to consider."

■ Since there is no means of reviewing an order remanding a case to a state court, Pacific Live Stock Co. v. Lewis et al., 241 U.S. 440, 36 S.Ct. 637, 60 L.Ed. 1084, careful consideration should be given to any removed case for if erroneously remanded petitioner is without remedy.

■ Removal statutes are to be strictly construed and the burden is placed upon the party seeking to remove the case to the Federal Court to establish his right to do so and a case should not be removed if there is doubt as to right of removal in the first instance.

■ The record before the Court discloses the following undisputed facts: the plaintiff is a citizen of Nebraska, the defendant is a Delaware corporation, with its principal place of business in Wyoming, the amount involved satisfies the statutory requirement and the *principal place of business of the defendant in Wyoming makes it a citizen of the state of Wyoming*. The fact the action could have been instituted by the plaintiff in the Federal Court in the first instance is immaterial.

As I read the statute and decided cases, where diversity of citizenship is the basis of jurisdiction, removal is permitted "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which said action is brought."

The leading case on the subject is Martin v. Snyder, 1893, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602. In this case the Supreme Court held that a defendant residing within a state in which an action is commenced in a state court is not entitled to have the suit removed to the Federal Court. The Court said 148 U.S. at pages 663 and 664, 13 S.Ct. at page 706:

"The petition stated 'that the controversy in said suit is between citizens of different states, and that the petitioners were at the time of the commencement of this suit and still are citizens of the state of Illinois, and that all the plaintiffs were then and still are, citizens of the State of New York.'

"Under the act of Congress of March 3, 1887 (24 Stat. 552, c. 373), it is the defendant or defendants who are non-residents of the state in which the action is pending who may remove the same into the circuit court of the United States for the proper district. The defendants here were not entitled to such removal, and the decree, which was in favor of complainants, and from which the defendants prosecuted this appeal, must be reversed for want of jurisdiction, with costs against the appellants, and the case remanded to the circuit court with directions to render a judgment against them for costs in that court, and to remand the case to the state court. Torrence v. Shedd, 144 U.S. 527, 533, 12 S.Ct. 726 [36 L.Ed. 528]."

To the same effect in McCaffrey et al. v. Wilson & Co. et al., D.C., 10 F.2d 368, at page 369, the court stated:

"The act (Judicial Code, § 28 (Comp.St. § 1010)) is obscurely worded and has given rise to many difficult questions. Without undertaking to discuss the numerous decisions, certain basic principles, to be applied where the sole ground of jurisdiction is diversity of citizenship, are now, as it seems to me, pretty clearly established. A defendant, sued in the courts of his own state, *may not remove* to the federal courts. Martin v. Snyder, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602. A defendant, sued alone in the state courts of a state where he is not a citizen, may remove." (Emphasis supplied.)

An enlightening discussion on the subject can be found in the case of Thurber v. Miller et al., 8 Cir., 67 F. 371, at page 375. Among other matters, the court held:

"There is another fact disclosed by the record equally fatal to the jurisdiction of the circuit court. The plaintiff in the action is a citizen of New York, and the defendant Evans, on whose petition the suit was removed from the state to the circuit court, is a citizen of South Dakota,—the state in which the suit was brought. The removal of suits upon the ground that they involve separate controversies was first provided for by the act of July 27, 1866 (14 Stat. 306, c. 288). That act gave the right of removal to 'the defendant who is a citizen of a state *other* than that in which the suit is brought.' The provision of the act of 1866, that the defendant authorized to remove a suit upon the ground of a separable controversy must be a citizen of a state other than that in which the suit was pending, was in harmony with the rule that had always obtained with reference to the citizenship of a defendant in removing a cause from a state to a federal court. Under the judiciary act of 1789 (1 Stat. 73, c. 20, § 12), a defendant sued in a court of his own state by a citizen of another state could not remove the suit. It was only when the defendant was sued in the courts of a state of which he was not a citizen that he could remove the suit to the circuit court."

In Whitaker et al., v. Coudon et al., D.C., 217 F. 139, at page 141, the court said:

"It is perfectly clear that a resident of a state in whose courts he is sued, if made a sole defendant, cannot remove. I cannot conceive that Congress could have intended to allow him to do so merely because it so happened that someone else, who could not remove or who did not want to, was made a codefendant with him."

See also Wichita National Bank of Wichita et al. v. Smith, 8 Cir., 72 F. 568; Handley-Mack Co. v. Godchaux Sugar Co., 6 Cir., 2 F.2d 435; Visayan Refining Co., Inc., v. Standard Transportation Co., D.C., 17 F.2d 642.

909

While there are many cases on the subject no useful purpose can be served in quoting additional authorities. After a careful consideration of the cases and the history of removal statutes, including particularly Section 1441(b) and Section 1332(c), as amended, of Title 28 of the United States Code, I have arrived at the conclusion that this court does not have jurisdiction, and the action was improperly removed. Appropriate order will be entered remanding the cause to the state court from which it was removed.