**Keith MORRISON, Plaintiff,**

v.

**JACK RICHARDS AIRCRAFT CO., an Oklahoma Corporation, et al., Defendants.**

**No. 70–576.**

United States District Court,
W. D. Oklahoma,
Civil Division.

June 22, 1971.

---

John W. Norman and Edwin D. Abel, Oakahoma City, Okl., for plaintiff.

John E. Beaven, Oklahoma City, Okl., for Jack Richards Aircraft Co.

Fowler, Rucks, Baker, Jopling, Gramlich & Mee, Oklahoma City, Okl., for Golden Eagle Aviation Inc. and Skipper.

B. J. Cooper, Oklahoma City, Okl., for Fairchild Hiller Corp.

Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., for Martin-Marietta Corp.

## ORDER REMANDING CASE

DAUGHERTY, District Judge.

The above Plaintiff sued the above Defendants in Oklahoma State Court as a result of an airplane crash in Colorado. Plaintiff was a passenger in the airplane and claims to have sustained personal injuries and certain losses as a result of said crash.

The citizenship of the parties appears to be as follows:

| | |
|---|---|
| Plaintiff Morrison | Texas |
| Defendant Jack Richards Aircraft | Oklahoma |
| Defendant Golden Eagle Aviation | Oklahoma |
| Defendant Fairchild Hiller | Maryland |
| Defendant Martin-Marietta | Maryland & New York |
| Defendant Skipper | Oklahoma |
| Defendant Sizemore | Wisconsin |

The Defendant Sizemore has not been served with summons. All other Defendants have been served with summons or have entered an appearance.

The Defendant Fairchild Hiller removed the case to this Court. Martin-Marietta filed a consent to the said removal. Grounds for removal were: (1)

diversity of citizenship, (2) separate and independent claim or cause of action against the removing Defendant, and (3) presence of a Federal question.

The Plaintiff has moved to remand the case to State Court. The Court finds and concludes that the case should be remanded for the following reasons:

## DIVERSITY

28 U.S.C.A. § 1441(b) provides:

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" (Italics added.)

■ It is undisputed that three of the six Defendants are citizens of Oklahoma, they appear to have been properly joined (no claim is made to the contrary), two of them have been served and one has entered his appearance. In these circumstances, the case is not removable on diversity grounds. 28 U.S.C.A. § 1441 (b); Martin v. Snyder, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602 (1893); Fine v. Philip Morris, Inc., 239 F.Supp. 361 (S.D.N.Y.1964); 1 Barron & Holtzoff (Wright Ed) § 103 and notes 31 and 31.2 thereunder.

## SEPARATE AND INDEPENDENT CLAIM OR CAUSE OF ACTION

28 U.S.C.A. § 1441(c) provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ All Defendants are charged with improper inspection and maintenance of the airplane involved. In addition, Richards Aircraft, Golden Eagle, Skipper and Sizemore are charged with improper service and operation of the airplane. Martin-Marietta and Fairchild Hiller are additionally charged with a failure to adequately design and manufacture the airplane.

The leading case regarding the above statute after the 1948 amendment thereto is American Fire and Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, 19 A.L.R.2d 738 (1951). After stating that one of the purposes of the above law as amended was to limit removal from State Courts this case provides:

" * * * we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441 (c)."

"In making this determination we look to the plaintiff's pleading, which controls."

In the *Finn* case where two insurance companies and an insurance agent were sued, the Supreme Court stated that the single wrong was, " * * * the failure to pay compensation for the loss on the property. Liability lay among three parties, but it was uncertain which one was responsible."

Our Circuit has said that:

"A pleading which alleges but one wrong, for which a single relief is sought, cannot constitute a ·separate and independent claim, no matter how many defendants are said to be liable therefor, or how diverse their basis of liability." Gray v. New Mexico Military Institute, 249 F.2d 28 at page 32 (10 Cir. 1957).

In the above case, the plaintiff sought recovery for injuries to his son on the basis of claimed negligence of employees of the defendant and alternatively on the basis that defendant's insurer, who was

also named as a defendant, had wrongfully denied such negligence and threatened to assert the defense of its insured's governmental immunity. Although our Circuit's holding is somewhat diminished by the peculiar nature of the alternative count described, it was relied on in an airplane crash case where the plaintiff asserted causes of action against the manufacturer and carrier based on negligence, breach of warranty and the Warsaw Convention, 49 Stat. 3000 (1934), to support the conclusion that no separate and independent claims were stated. Zousmer v. Canadian Pacific Air Lines, Ltd., 307 F.Supp. 892 (D.C.N.Y.1969). The court said:

> "That differing theories of negligence, breach of warranty and the Warsaw Convention underlie these claims cannot and does not lend 'separate and independent' status to any one of them." 307 F.Supp. at page 903.

In another setting, it has been held that a claim based on negligent manufacture against the maker of coin operated laundry machines is not separate and independent from a claim of breach of warranty asserted against the distributor thereof. Moosbrugger v. McGraw-Edison Co., 215 F.Supp. 486 (D.C.Minn. 1963). In the case at bar the single wrong is the alleged failure to afford safe air passage to the Plaintiff. This alleged single wrong, for which relief is sought, must be considered, according to the foregoing authorities, as arising from an interlocked series of transactions involving all Defendants with the result that there is no separate and independent claim or cause of action stated against Fairchild Hiller. The case is not removable on this ground.

## FEDERAL QUESTION

■ The Plaintiff states no Federal question in his Petition. The Movant provides information outside the Petition that the Defendant Sizemore (not served) inspected the aircraft as an agent and employee of the Federal Aviation Administration, an agency of the United States of America. The Movant in its Amended Petition for Removal claims this presents a Federal question. By brief, however, the Movant additionally argues that Sizemore is an employee of the United States, that the claim is actually against the United States Government and that the claim is removable under the Federal Tort Claims Act.

In Plaintiff's Supplemental Motion to Remand and Brief it is stated, " * * * the action against Sizemore is based upon negligence, not upon the laws of the United States."

In these circumstances it is not deemed that a Federal question is presented. Plaintiff's action is based on the airplane crash. It does not appear to arise under the laws of the United States. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Any involvement of Federal laws, or rules and regulations would merely tender an issue of fact and would not call for a ruling on validity or interpretation. At most, any Federal question would be merely incidental or collateral to the main controversy and is not sufficient to deprive the State Court of jurisdiction. Andersen v. Bingham, 169 F.2d 328 (10 Cir. 1948); Dennis v. Southeastern Aviation Incorporated, 176 F.2d 542 (E.D.Tenn. 1959); Boncek v. Pennsylvania Railroad Company, 105 F.Supp. 700 [D.C.N.J. 1952]; Adams v. Long, 65 F.Supp. 310 (W.D.Mo.1943).

■ As to Sizemore being a Federal employee possessing the right to remove the case to Federal Court any such right would belong to him and not to Fairchild Hiller. See 28 U.S.C. § 1442.

As to the action being against the United States, the pleadings do not so indicate and the Court must consider the matter in the light of the pleadings.

■ As the involvement of a Federal question is not deemed present in the case, or at most merely incidental, there is no basis for removal of this case on the

ground that a Federal question is presented.[1,2]

For the foregoing reasons the case is ordered remanded to the State Court from which it was removed. The Clerk will take the necessary action to effect the Remand. Other pending Motions in the case are referred to the State Court.

1. Where there is any substantial doubt concerning the jurisdiction of the Federal Court on removal, the case should be remanded and jurisdiction should be retained only where it is clear. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

2. Since this Order was drafted the Plaintiff(s) has (have) dismissed the Defendant Donald R. Sizemore from the case which action further supports remand of the case. As the case now stands, the only person with a possible right of removal is no longer in the case. Defendant Sizemore has never been served with summons in either the State or Federal Court. Nor did Plaintiff(s) cause a summons to issue against this Defendant in State Court according to the record. Therefore, no action has been commenced against this Defendant under Oklahoma law and within the meaning of 28 U.S.C. § 1442. Duff v. Aetna Cas. & Sur. Co., 287 F.Supp. 138 (N.D.Okl. 1968). As this action has never been commenced against the Defendant Sizemore any right of removal he may have had as a federal officer or employee pursuant to 28 U.S.C. § 1442 never came into existence. Moreover, the presence of a federal question simply by reason of this Defendant being named in the case never existed in this case.