**Clifford BROOKS, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. A. No. 93–0625 (CRR).**

United States District Court, District of Columbia.

April 15, 1993.

---

68

R. Kenneth Mundy, Washington, DC, for plaintiff.

Steven J. Anderson, Asst. Corp. Counsel for the District of Columbia, with whom John Payton, Corp. Counsel, Martin L. Grossman, Deputy Corp. Counsel, and Cary D. Pollak, Chief of the Gen. Litigation III Section of the Office of the Corp. Counsel, for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

The above-captioned case is an action recently removed from the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1441. Upon review of the notice of removal, the Court finds that the removal is improper and remands the case to the Superior Court pursuant to 28 U.S.C. § 1447(c).

This case was originally filed in the Superior Court of the District of Columbia on December 21, 1992. The Plaintiff sued the Defendants for injuries sustained when the Plaintiff was allegedly shot as a bystander in an exchange of gunfire between D.C. police officers and third parties. The Plaintiff sought $1,000,000 in damages. On March 26, 1993, the District of Columbia filed a Notice of Removal in the case, claiming a right to remove pursuant to 28 U.S.C. § 1441. The District alleged that the Plaintiff was a citizen of Virginia, the three Defendants were all citizens of the District of Columbia, and the amount in controversy exceeded $50,000,

thus satisfying the requirements for diversity jurisdiction.

The District of Columbia failed, however, to examine the words of the applicable removal statute. § 1441 provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

§ 1441(b) (emphasis added). The first sentence of § 1441(b) refers to "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. The second sentence refers to federal jurisdiction based on the diversity of the parties, as in this case. Thus, a case may be removed to federal court on the basis of diversity of the parties *only* if the Defendants are not citizens of the forum state. *Martin v. Snyder* 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602 (1893). "Even where an action could have been originally brought in federal court, the defendant may not remove the state action to federal court if the defendant is a citizen of the state in which the action was filed." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Services, Inc.,* 903 F.2d 352, 358 n. 6 (5th Cir.1990). In other words, a Defendant may not remove a case to federal court on the basis of diversity when the suit was filed in the Defendant's home state. *See* 14A Charles A. Wright et al., Federal Practice and Procedure § 3723 n. 10 (1985) (listing cases with similar holdings).

In this case, the two individual Defendants are, by their own admission, citizens of the District of Columbia.[1] Consequently, by the terms of § 1441, the case is not one subject to removal and should be remanded pursuant to 28 U.S.C. § 1447(c).[2]

1. Because the two individuals are clearly citizens of the District of Columbia, the Court need not reach the question of whether the District of Columbia itself is a citizen. Whether the District would have a right to remove this case, if it were the sole Defendant, is far from clear. *See, e.g., Postal Tel. Cable Co. v. Alabama,* 155 U.S. 482,

487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894); *Stone v. South Carolina,* 117 U.S. 430, 433, 6 S.Ct. 799, 800, 29 L.Ed. 962 (1886) (both holding that states are not citizens for the purpose of diversity jurisdiction).

2. Although § 1447(c) also permits the federal Court to "require the payment of just costs and

Accordingly, it is, by this Court, this 15th day of April, 1993,

ORDERED that the above-captioned case shall be, and hereby is, REMANDED to the Superior Court of the District of Columbia; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.

any actual expenses, including attorney fees, incurred as a result of the [improper] removal," the Court finds that such an award is neither necessary nor appropriate in this case.